OPINION of the Court, by
Ch. J. Boyi e.
Bullock having obtained a judgment for 30/. in one action against Simpson, and having instituted another action against him, Hiwkins and Gaunt.^Simpson filed his bill with injunction to stav proceedings in those suits ⅞ and the plaintiffs in error, together with Lewis [ones, became his securities in the injunction bond. I ne injunction being afterwards dissolved, Bullock proceeded in the suit pending at law and recovered a judgment for 60/. That judgment Bullock transferred to Moore, and Moore having died his administrator brought suit on the injunction bond and recovered a judgme nt for 128/. being fhc am >unt ot tn- two first mentiont-d judg ments, with interest and costs ; but of this judgment there was a release entered for 41/ »«. To stay pro ceedings upon the last judgment the plaintiffs in error fil d their bill, in which they allege the payment for 30/. to Bullock, and that Gaunt had paid the judgment for 60/. to Moore in hts lifetime, and that Moore had directed an execution which had been levied upon a lot to be stayed, and transferred the benefit thereof to Gaunt.
Simpson and Lewis Jones are not made parties, but they are alleged to have departed from the jurisdiction of this commonwealth.
Bullock admits in his answer the payment of the SOI. judgment to him. He also admits the transfer of the judgment for 60L to Moore ; and states that Moore in a conversation with him acknowledged that Gaunt had paid or satisfied him for his (Gaunt’s) part of the judgment.
Gaunt alleges in his answer that he had satisfied Moore, and Moore had transferred the judgment to him.
Moore’s administrator states that he knows nothing pf the truth of the allegations of the bill, and requires full proof thereof.
On a final hearing the court below decreed the injunction to be dissolved with costs and damages; to which decree this writ of error is prosecuted.
It is clear that the judgment for 30/. has been paid, but the credit or release entered upon the judgment obtained upon the injunction bond, is sufficient to cover *468 amount of-that judgment, with interest and costs! The main question therefore is, whether the judgment for 6Ó/. has been paid, or the plaintiffs in error’‘otherwise discharged therefrom ?
That the evidence is not sufficient to prove a direct payment of the judgment^padmits of but little doubt. Bullock’s answer is certainly not legitimate evidence against Moore Or his representatives ; for it is. an established rule that the answer of one defendant cannot be admitted as evidence against another. Gaunt’s answer is inadmissible, not only upon the same principle, but because he was a party against whom the judgment was obtained ; and to permit his answer to establish the fact of payment, would be allowing him to make evidence for himself. But a letter addressed by Moore to , thecleik of the court is principally relied on to prove the payment. In this letter Moore says, “ Mr. Gaunt wishes to have the benefit of the execution — ^he has not paid me, but has acted honorably as to partand then directs the clerk to let him have an execution. This letter, though admissible evidence, so far from proving that the judgment was paid, is a direct negation of the fact. The expression that he (Gaunt) “ had acted honorably as to part,” stronglv indeed implies that a part bad been paid or secured ; but what part, is left wholly indefinite and uncertain ; and upon proof thus vagúé and uncertain the court cannot act.
Another circumstance upon which some reliance was placed, as affording evidence that the judgment m question had been paid, is the direction of Moore to stay the execution after it had been levied upon a lot. ' But certainly no presumption of payment can be inferred from this circumstance. It rather implies that the execution was not satisfied : for if such had been the fact, it would have been a much more natural as well as a much more obvious means of attaining the object in view, to have directed the sheriff to have so returned it, Tnis circumstance, however, notwithstanding we reject it as yeB as the other circumstances of the case,as being insufficient to establish the fact offia direct paymentof the judgment, presents itself in another point of view, operating in our opinion more favorably to the pretensions of tbs complainants. They are buj, securities, and the e^psB»tion which was levied upon the property of the principal *469 debtors was postponed by the creditor without the yity or consent of the complainants. This course of proceeding evidently tends to their prejudice as seeurities; and it is a principle recogn.zed by courts or chancery and perfectly consonant to the dictates of natural justice, that any arrangerne^ between the creditor and pr ncipal debtor, for the easement of the latter and to the prejudice of the securities, will, if the securities be not privy to or approve of such arrangement, operate in equity to release them from their responsibility, Oo. this principle the court of appeals of Virginia, in the case of Bullitt’s executor vs. Winston, 1 Munf. 269, held that the creditor,„where he had directed the she-J^ff to put off the sale of the property taken in execution and suffered it to remain in the hands ol the principal, thereby released the security j. and the case of Bard vs. Bice, 1 Call 18, was decided upon the same
The decree must therefore be reversed with costs*, and the cause remanded that a decree may be entered íñakmg the injunction perpetual, V