Chief Justice Bibb
delivered the Opinion of the Court.
Tub facts upon which the decree, in favor of Roberts and Latham, (the complainants in chancery) is based, are clear by confession and proof.
In 1818, Norton and Williams, partners in trade, sold to Armstead Morehead, a lot of ground in Russelville, and obtained in payment the note of Morehead, with John Roberts and John Latham his securities, jointly bound with him, for two thousand five hundred dollars, payable and negotiable at Russelville Branca Bank, at nine months from the 18th of August.
On the first of May, 1819, Norton and Williams caused tins note to be presented and protested at Bank for non payment. On the twenty seventh of July, 1819. Norton and Williams, without the knowledge or consent of the sureties, came to an agreement with Morehead, by which they gave him. the farther time of sixty days. In pursuance of the agreement, the sum remaining due of principal and interest, accrued and accruing for sixty days, after deducting the payment then made by More-Lead, was divided between Norton and Williams, according to their desire to seperate and close their partnership transactions. Morehead executed his own seperate notes, the one payable at sixty days to Jacob Norton, for $628 50, negotiable at Bank, and to Williams, a like note for §789 43 — amounting together, to the sum of jg 1,417 93, the balance a for deducting the payment made, by Morehead; or the joint note of himself and sureties,
Principal becomes insolvent—Norton and Williams recover at law on the original note, and the surety bring their bill.
Decree of the circuit court, for the sureties.
Where the creditor indulees the principal debtor without suspending for a moment his right of action, the surety remains bound.
Where the creditor gives time, or otherwise increases the hazard of the surety, he, the surety, is discharged.
Surety may have his hill quia timet, against principal and creditor, to compel surety to pas the creditor.
*492 Norton and Williams endorsed upon the joint note, so under protest. a receipt for those two notes, expressing the respective amounts and time of payment, and that those notes, when paid, would be in full of that note. and that the balance had been paid by Morehead; which endorsement and receipt was subscribed by the partner who transacted the business. Before, these two notes fell due, Morehead, who at their date was embarrassed, (but able to have secured the amount,) entirely failed.
Norton and Williams, having retained the joint note, sued at law, and Roberts and Latham exhibited their bill for injunction and relief, claiming to be discharged by the act of Norton and Williams, in thus giving day to Morehead. without the privity or assent of the securities. The circuit judge decreed, a perpetual injunction in favor of the sureties.
The adjudged cases upon the subject of granting, or denying relief to sureties, because of indulgence to the principal, may be. divided info two classes. 1st, Where the indulgence is merely voluntary—where the creditor forbears to sue or to act; not committing himself by any agreement with the principal, not to sue or to act; not giving to the principal any right to claim a farther credit or indulgence, and in no way impairing the right of the surety to act upon the principal, nor in any manner increasing the risque of the surety, by varying use terms of the original contract.—In this class, the surety has no cause of discharge by indulgence or lapse of time.
2ndly, Whore the creditor, by virtue of some agreement, or act done, (not by mere passive induldence or forbearance to act or sue.) gives time to the principal, or increases the risk of the surety, without his assent to be bound by this agreement of act. In this class, the surety will be discharged.
Generally speaking, the surety has his election, to pay the money and take the remedy against the principal, into, his own hands, or to come into a court of equity to compel the principal to pay, and the creditor to receiver and deliver him from his obliga *493 tion. Croughton vs Duvall, 3 Call. 72; Nisbett vs Smith and others. 2 Brown’s Ch. ca. 58; 1 Equity cas. Bills quia timet, case 5, 79.
Credi or shall by no new arrangement with surety increase his risk.
If creditor give surety further time, he, the surety, could not have his bill quia timet, and is therefore discharged.
If the creditor does nut art, nor enter into any agreement with the principal to impair the right of the surety to demand a speedy and prompt satisfaction by the principal, the creditor may remain inactive, and drive the surety to seek his safety, in advancing the money and making himself the creditor, or in applying to a court of equity to compel the principal to pay, and the creditor to receive the money.
The surety is considered in equity, in nature of a guarantee of the solvency of the principal, engaging to make good the deficiency. The creditor must not vary the terms of the credit and contract by any agreement or arrangement with the principal, nor let slip any lien, without the concurrence of the surety, and his assent to continue bound, fie must not enlarge the time, nor increase the risk of the surety without his assent. The surety is bound by the terms of Ins contract, he has aright to insist upon them. The creditor can not, by agreement with the principal, alter the terms and risk of the guaranty, in which the surety is so materially interested. The creditor can not transact the affairs of the surety without consulting him, nor bind him in new agreement with the. principal, to which the surety is not a party in assent and concurrence. The surety has a right to judge whether he will give the proposed indulgence, or easement to the principal, and incur the risk beyond the time and terms of his original undertaking.
If the creditor, by agreement, (not by merely remaining passive) gives time to the principal, without the assent of the surety, he thereby discharges the surety. And the question is not, whether the surety has sustained actual damage, or not, by such new agreement. It is sufficient that his right to force the principal to an immediate payment or satisfaction, has been suspended by the act of the creditor. This has been settled by a great number of adjudged cases, ancient and modern. See Rees vs *494 Berrington. 2 Vez. Jun. 512; Nisbit vs Smith and other, 2 Brown's Chan ca. 582-3. and the rasas referred to in note a. Skip vs Huey, Wilcox and Edawards. 3 Atk. 94; Boid vs Rice. 1 Call. 18; Bullitt’s executors vs Winston, 1 Munf 283; Craig vs Cox. 2 Bibb, 309; Jones vs Bullock, 3 Bibb, 467.
After the not we due, principal paid the creditors part and for balance gave his own notes at 60 days, and took a receipt on the original, stating that when they were paid, they would be in full of that: the surety is discharged.
In this case, the endorsement upon the joint note of forehead. Brown and Latham, of the 27th July, 1819, fop Morehead’s two notes at sixty days, for part, and a receipt for the residue, stipulating that those two notes, when paid, shall he in full of the joint note, bears infernal evidence of the agreement to give Morehead farther time. With that endorsement neither Norton and Williams, nor the sureties, Brown or Latham, if they had taken up that note, could have sued Morehead within the sixty days, without a direct violation of the meaning of that agreement, so endorsed. The depositions also establish the agreement for time; and there is no pretence that either of the sureties were consulted.
Decree affirmed, with costs.