JOHN RAMSEY surviving, &c. *against* THE WESTMORE-
LAND BANK.

IN ERROR.

When a creditor has it in power to receive a part of his debt out of the estate of the principal debtor, who is deceased, and does not avail himself of it, the surety will be thereby discharged *pro tanto*.

ERROR to Westmoreland county.

The *Westmoreland bank of Pennsylvania* brought suit against *William Johnston* and *John Ramsey*, to May term, 1820. It was brought to recover the amount of a note drawn by *William Johnston*, and indorsed by *John Ramsey*, for the sum of $2,000, sixty days after date, and discounted at the said bank. On the 26th of February, 1821, on motion of the attorney for the plaintiffs, there was judgment against both defendants rendered according to the statement filed. A *scire facias* issued to February, 1826, against *John Ramsey* as surviving *William Johnston*, upon which *nihil* was returned, and there was no appearance for the defendant. An *alias scire facias* issued to Nov. term, 1827, reciting the death of the said *Johnston* subsequent to the rendition of the judgment against both. To this writ there was an appearance for the defendant below, now plaintiff in error. The pleas were payment, *nul tiel record*, and "that *William Johnston* named in plaintiff's writ hath not died since the rendition of the judgment recited in said writ against the said *William Johnston* and the said *John*, as stated in said writ," &c. To this the plaintiffs replied, but afterwards by leave of the Court withdrew their replication, and demurred specially. The causes assigned for demurrer were "that the plea is not positive and affirmative, but is argumentative, and does not state that the said *William Johnston* was in full life at the time of suing out said writ of *scire facias*, and is in other respects uncertain and insufficient." The Court, upon this demurrer, gave judgment for the plaintiffs, and that the defendant should answer over. A jury was afterwards called to try the issue on the plea of payment. The defendant offered in evidence in support of the issue on his part, the report of auditors appointed by the Court of Common Pleas, at the instance of the creditors of said *Johnston*, deceased, to marshal and arrange the moneys made by the sale of the real estate of said *Johnston*, that the Court might direct the confirmation thereof in the proper manner. By this report it appears there was a balance in the hands of the different sheriffs, who had made the sales, of $862

(John Ramsey *v.* the Westmoreland Bank.)

and 54 cents, after paying all the judgments in the life-time of the said *William*. The defendant likewise offered in evidence the reports of auditors appointed by the Orphans'. Court of Westmoreland county, upon the administration accounts of *Thomas Johnston* and *Robert Johnston*, executors of the said *William*, deceased, by which it appeared there were balances in their hands for distribution among the creditors of said deceased. All this evidence was objected to by the counsel for the plaintiffs below, because it was not relevant, and the Court rejected the evidence. The defendant's counsel excepted.

*J. Findley* for plaintiff in error.

The defendant's plea was not argumentative, but a simple denial of a fact alleged in the plaintiff's writ.

The evidence offered established the fact, that the bank was entitled to part of the proceeds of the real estate of *Johnston*, the principal, which discharged the surety *pro tanto*. *Bank* v. *Winger*, 1 *Rawle*, 302.

*A. W. Foster* for defendant in error.

The opinion of the Court was delivered by

SMITH, J.—An exception was taken by the counsel of the defendant to the Court's refusal to admit in evidence on the trial of the cause, the report of auditors appointed by the Court of Common Pleas at the instance of the creditors of *William Johnston*, deceased, to marshal the moneys arising on the sale of the real estate of said deceased, in order that the Court might distribute the same according to law; and, by which report, a balance of 862 dollars and thirty-four cents, appeared to be due and remain in the hands of the sheriff, after payment of all the judgments obtained against the said *William Johnston*, in his life-time. And also the report of auditors appointed by the Orphans' Court, on the administration account of the executors of the said *William Johnston*, deceased, from which it further appeared, there were balances in their hands for distribution among the creditors of the deceased. This evidence was rejected, as irrelevant. The note, on which the suit was instituted, had been drawn by *William Johnston*, and indorsed by *John Ramsey*, he was then, a mere surety, and as such, entitled to be favoured in law. The evidence he offered was to prove, and would have proved, that a large balance, arising on the sale of the real estate of *William Johnston*, was in the hands of the sheriff, which was subject and liable to the judgment of the bank, and would have been obtained, if due diligence had been used. The case then, if proved, as offered by the plaintiff in

(John Ramsey *v.* the Westmoreland bank.)

error to the Court below, would have come within the principle stated by the present Chief Justice, in *Bellas* v. *Miller's administrators*, 8 *Serg. & Rawle*, 457, "that no rule, in equity, was clearer, than that where a creditor has the means of satisfaction in his hands, and chooses not to retain them, but suffers them to pass into the hands of the principal, the surety can never be called on." Here, to be sure, the bank had not the balance, actually in their hands, nor did they actually assent to its passing into the hands of *Johnston*, but they might, by using due diligence, and by doing their duty to the surety, have obtained it, and thus have had satisfaction *pro tanto*, on their judgment, from the proceeds of the real estate of the real debtor, and it was their duty to have done this. The money thus obtained from the sale of the real estate of *Johnston*, on which the bank's judgment was a lien, was actually brought into Court. *Johnston* could not take it out of Court, but the bank could have done so, and if they did not, they must lose it, for having had the means of payment in their power, they could not pass them by and recover from a surety. The evidence then offered by the plaintiff in error, was relevant, and ought to have been received.

Judgment reversed and a *venire de novo* awarded.