COMAN and Others *v.* THE STATE, on the Relation of ARMSTRONG, Treasurer, &c.

An order of the board of county commissioners, giving the collector of the county revenue a longer time for payment of the revenue of the year than the law prescribes, is without authority and wholly inoperative.

A prolongation of the time of payment, given by a creditor to his debtor without a new contract founded on a valid consideration, though given without the consent of the surety of the debtor, will not exonerate the surety from his liability.

The rule of law, that the best evidence which the nature of the case admits of must be produced, applies as well to secondary as to primary evidence.

If in an action against the collector of county revenue, the defendant do not produce the duplicate of the assessment-roll, upon notice given him to produce it,—the assessment-roll in the clerk's office is the next best evidence of the contents of the duplicate, and must be produced or its absence accounted for, before parol evidence of the contents of the duplicate can be received.

ERROR to the *Dearborn* Circuit Court.

DEWEY, J.—This was an action of debt in favour of the state of *Indiana*, on the relation of *Armstrong*, treasurer of the county of *Dearborn*, against *Russel Coman* and his sureties, on his official bond as collector of the state and county revenue for that county.

The declaration assigns the breach of the condition of the bond, to be in the collector's failing to collect and pay the county revenue to the treasurer for the year 1832. *Coman*, the collector, appeared to the action, but made no defence. The other defendants, his sureties, pleaded several pleas, on which issues were formed, and which need be no further noticed in this decision. They also pleaded that the board of county

Nov. Term,
1836.

Coman
v.
The State.

commissioners of *Dearborn* county at their session of *January*, 1833, and on the first *Monday* of that month—at which time the county tax mentioned in the declaration became due and payable to the county—without their knowledge or consent, made and entered on the minutes of their proceedings an order, by which they gave further time until the first *Monday* of *March* next thereafter to *Coman,* to pay the revenue for the year 1832; and they allege, that on the first *Monday* of *January* aforesaid, and long thereafter, *Coman* was solvent and able to pay the amount due from him, but afterwards became insolvent and remained so to the time of the plea pleaded.

To this plea there was a general demurrer, and judgment upon it for the plaintiff. The jury found all the issues for the plaintiff. The Court rendered final judgment for the state.

On the trial of the cause, the plaintiff proved that a duplicate of the assessment-roll and a precept to collect the taxes, had been duly delivered to *Coman,* the collector; that he had not returned either; and that timely notice had been given him to produce both on the trial. The precept was produced by the defendants, but the duplicate was not; upon which the Court permitted the plaintiff to give parol evidence of the contents of the latter.

The errors relied on to reverse the judgment of the Circuit Court are—1st, Sustaining the demurrer to the plea; 2dly, Admitting parol evidence of the contents of the duplicate.

The first error assigned cannot be sustained. The duty of the collector is prescribed by law. It is, in part, to collect the taxes. And upon his failing to pay to the county treasurer those assessed upon his county, on or before the first *Monday* in *January*, it is made the imperative duty of that officer "to proceed with due diligence to commence suit" against him and sureties upon his bond. The powers of the board of commissioners are also fixed and designated by law. Among them is not the right to interfere with, or in any way affect, the course marked out for the collector or treasurer. That board can neither abridge nor enlarge the duties or liabilities of those officers. The order giving further time in which to pay the revenue was therefore wholly inoperative. But merely a prolongation of the time of payment, given by a creditor to his debtor without a new contract founded on a good consideration, though done without the consent of the surety of

the debtor, will not exonerate the surety from his liability. 1 Blackf. 392 and notes. The demurrer was correctly overruled.

The second error is well assigned. The parol evidence of the contents of the duplicate of the assessment-roll should not have been admitted. Passing over the question of the sufficiency of the notice to produce the paper, served on one only of the defendants, an unanswerable objection to the legality of the evidence, will be found in the fact of the existence of written testimony of the same matter, which was permitted to be proved by parol. The rule of law—that the best evidence which the nature of the case· will admit of must be adduced—applies as well to secondary as to primary evidence. When an original writing is lost, or in the possession of the adverse party, upon the preliminary steps being taken, its contents may be proved, first, ·by a counterpart if one exist; secondly, by a copy if there be no counterpart; and thirdly, by parol testimony, if there be neither counterpart nor copy. 2 Saund. Pl. & Ev. 349.—Roscoe on Ev. 7.—2 Atk. 71.—1 Camp. 192.—B. N. P. 254.—2 Camp. 605.—2 Taunt. 237. By the revenue law of 1831, sec. 14, it is made the duty of the clerks of the Circuit Courts to perfect the assessment-roll of taxes for their respective counties, and to make "a complete duplicate or transcript" of it, and deliver the same together with a precept to the collector. In the case before us, the assessment-roll (which for aught that appears was in the office of the clerk of the Court which tried this cause) was the best evidence of the contents of its duplicate which had been delivered to the collector, and should have been resorted to, or its absence accounted for, before the admission of the parol testimony to prove such contents.

*Per Curiam.*—The judgment is reversed and the verdict set aside. Cause remanded, &c.

*G. H. Dunn* and *D. J. Caswell*, for the plaintiffs.
*J. Sullivan* and *S. C. Stevens*, for the defendant.