### Ansel Sears v. Ralph H. Van Dusen.

*Guarantor, how discharged.* Where one who has purchased a note over-due, the collection of which has been guaranteed by a prior owner thereof, refuses to receive the money when offered to him by the makers, and delays the collection of such note until the makers thereof have failed, such guarantor will be discharged.

*Heard and decided July 13.*

Error to Clinton Circuit.

Sears brought suit against Van Dusen as guarantor of a. promissory note made by Kelley Bros. & Johnson. The cause was tried by the court without a jury, and the following facts were found by the circuit judge, viz:

"1. In 1868-69 the defendant held notes payable to himself—amounting to about four hundred dollars—against Kelley Bros. & Johnson, a firm then doing business at the village of Elsie, in this county. One of said notes was for one hundred and fifty dollars on one year's time, at ten per cent. interest, and of date June 27, 1868.

"2. After all of said notes became due, and about October 23, 1869, the defendant, for value, sold and delivered these notes to one Hunter, with a guaranty of collection upon each in words following, viz: 'I hereby guaranty the collection of this note. (Signed,) RALPH VAN DUSEN.' Subsequently, and upon the same day, Hunter, for value, sold and delivered all of said notes to the plaintiff, who was then, and has ever since been, a resident of said village.

"3. At the date named—October 23, 1869—the said firm, as stated, was doing business at said village, lumbering to the extent of a million feet a year, with a saw mill, a planing mill, with a stock of goods such as found in a country store, with logs, lumber, teams, wagons, and other personal property, and with real estate, all together, of the value of from twenty-five to thirty thousand dollars.

"4. In March, 1870, the Kelleys sold out to Johnson, who continued the business in the same way till some time in the month of July following, when he stopped business, and failed.

"5. During the time Kelley Bros. & Johnson were doing business, and during the time Johnson was doing business alone, the firm had, and Johnson had, at and about the said places of business, at said village, personal property,

lumber, goods, horses, cattle, wagons, sleighs, harness, etc., etc., to the value of several thousand dollars.

" 6. In February, 1871, the plaintiff instituted proceedings before a justice of the peace of this county, for the purpose of collecting the one hundred and fifty-dollar note, and, upon the 24th of said month, obtained his judgment for one hundred and seventy-three dollars and seventy-five cents damages, and three dollars and fifty cents costs. Upon which judgment an execution was duly issued and placed in the hands of a constable of this county, and duly returned, no property found.

" 7. Upon the date of the return of said execution, and ever since, the makers of said notes have had no title to any real estate in this county, except homesteads, or such as was encumbered to full value.

" 8. From October 23, 1869, to the date of the failure' of Johnson, both the plaintiff and defendant considered Kelley Bros. & Johnson, and after said sale, as responsible, as good.

" 9. On the day the plaintiff bought said notes of Hunter (Oct. 23, 1869) both the plaintiff and defendant were at the store of Kelley Bros. & Johnson. The firm then offered to pay said notes. The plaintiff replied, that he did not want the money then. The firm then said, 'come and get your pay whenever you want it.' The defendant made no remark. A few months after this, and during winter of 1869, the firm, having made payments to plaintiff on said notes from time to time as he wanted, altogether about two hundred dollars, said to him, that they were ready to pay, and offered to pay, the balance due upon said notes. The plaintiff to this said, that he didn't want the money; only wanted it as he needed it. The plaintiff informed defendant of this offer. The defendant made no remark. About three months after failure of Johnson,

25 MICH.—45.

defendant first heard, that balance of said notes was unpaid.".

As conclusion of law said circuit judge' found: "That the conduct of the plaintiff has discharged the defendant from liability upon his guaranty." Judgment was rendered for defendant, and the plaintiff brings the cause here by writ of error.

*Spaulding & Cranson* and *B. H. Scovill*, for plaintiff in error.

*H. Walbridge* and *J. Q. Patterson*, for defendant in error, were stopped by the court.

THE COURT held that there was no error in the conclusion of law found by the circuit judge. The finding of facts does not show that the defendant in error consented to be bound by the extension.

Judgment affirmed with costs.