ELIHU W. CLARK, Administrator, etc., Respondent, v. JOHN G. SICKLER, Appellant.

An offer upon the part of a principal debtor to pay, and an omission so to do because of a request of the creditor that he retain the money, and the subsequent insolvency of the principal, do not discharge a surety.

The act which will discharge a surety must be legally injurious or inconsistent with his legal rights; mere indulgence is not sufficient.

An omission of duty on the part of the creditor and a consequent injury, will not discharge the surety unless he has requested the performance of the duty.

*Lewis* v. *Van Dusen* (25 Mich., 351), *Joslyn* v. *Eastman* (46 Vt., 258) distinguished.

(Argued February 4, 1876; decided February 22, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was upon a joint and several promissory note made by defendant and one Mott, payable to William S. Wright (plaintiff's intestate) or bearer. Defendant signed as surety in fact for Mott, of which the payee had knowledge. The referee found that after the note became due Mott borrowed the money and went to the house of Wright for the purpose of paying the note and offered the money to Wright's wife, who was his agent; that she declined to receive it for the reason that she or her husband had no use for the money and would rather have Mott keep it. That thereafter Mott became insolvent and has continued so since.

*L. L. Bundy* for the appellant. The transaction between Mott and the payee's agent discharged defendant as surety. (*People* v. *Janson*, 7 J. R., 332; *Ring* v. *Baldwin*, 2 J. Ch.,

554; *Suprs., etc.,* v. *Dow,* 1 Den., 268 ; 1 Story's Eq. Jur.,
§§ 324, 325, 326, note 1 ; *Reynolds* v. *Weed,* 5 Wend., 301 ;
*Gahn* v. *Neimcewicz,* 3 Paige, 613 ; 11 Wend., 312 ; *New-
man* v. *Finch,* 25 Barb., 173 ; *Hart* v. *Hudson,* 6 Duer, 294 ;
*Grant* v. *Smith,* 46 N. Y., 97 ; *Bangs* v. *Strong,* 10 Paige,
11 ; 7 Hill, 250 ; *Ludlow* v. *Simond,* 2 Cai. Cas., 57 ; *Fox* v.
*Parker,* 44 Barb., 541 ; *Miller* v. *McCann,* 7 Paige, 457 ;
*Rathbone* v. *Warren,* 10 J. R., 581 ; *Ruble* v. *Norman,* 7
Bush. [Ky.], 584 ; *Wilson* v. *Edwards,* 6 Lans., 134.) It is
enough to discharge a surety that the creditor does an act
injurious to the surety, or which his duty to him required
him not to do. (*Ring* v. *Baldwin,* 17 J. R., 384 ; *Paine* v.
*Packard,* 13 id., 174 ; *Hubby* v. *Bown,* 16 id., 72 ; *Smith* v.
*Townsend,* 25 N. Y., 479 ; *Billington* v. *Wagoner,* 33 id., 32 ;
*Chester* v. *Kingston Bk.,* 16 id., 336 ; *Burgett* v. *Ellis,* 45
id., 111 ; *Schroeppel* v. *Shaw,* 3 id., 446 ; *Rees* v. *Barring-
ton,* 2 Ves., 540 ; *Boyd* v. *McDonough,* 39 How., 389 ; *Wright*
v. *Austin,* 54 Barb., 13 ; *Thomas* v. *Stetson,* 59 Me., 229 ;
*Lewis* v. *Van Dusen,* 25 Mich., 351 ; *Joslyn* v. *Eastman,* 46
Vt., 258.) The offer of the money by Mott and the refusal
to receive it was a good tender and a defence to this action.
(*Coit* v. *Houston,* 3 J. Ch., 273 ; *Warren* v. *Mains,* 7 J. R.,
476 ; *Douglass* v. *Patrick,* 3 T. R., 683 ; *Cornell* v. *Haight,*
21 N. Y., 462, 465 ; *Messerole* v. *Archer,* 3 Bosw., 376 ;
*Binkard* v. *Babcock,* 27 How., 395, 491 ; *Dunham* v. *Jack-
son,* 6 Wend., 22, note *a*, 35 ; *Bakeman* v. *Pooler,* 15 id.,
637 ; *Strong* v. *Blake,* 46 Barb., 227.) There was an exten-
sion of time which discharged the surety. (*Fellows* v. *Pren-
tiss,* 3 Den., 512 ; *Myers* v. *Wells,* 5 Hill, 463 ; *Hart* v.
*Hudson,* 3 Duer, 304 ; *Bangs* v. *Mosher,* 23 Barb., 478 ;
*Holmes* v. *Dale,* Clark Ch., 73 ; *Bk. of Albion* v. *Burns,* 47
N. Y., 175.) There was a waiver of performance. (*Flem-
ing* v. *Gilbert,* 3 J. R., 528 ; *Second Nat. Bk.* v. *Poucher,* 56
N. Y., 352.)

*R. M. Townsend* for the respondent. There was nothing
done by the holder of the note, or on his behalf, to extend the

time of payment. (*Reynolds* v. *Wood*, 5 Wend., 510; *Smith* v. *Townsend*, 25 N. Y., 479; *Billington* v. *Wagoner*, 33 id., 31; *Lowman* v. *Yates*, 37 id., 601; *Parmilee* v. *Thompson*, 45 id., 28; *Schroeppell* v. *Shaw*, 3 id., 446; *Second Nat. Bk.* v. *Poucher*, 56 id., 348; *Cary* v. *White*, 52 id., 138; 20 How., 72; 43 Barb., 379; 53 id., 533; 46 id., 197; 39 id., 611; 2 Lans., 57; 6 Am. R., 33.) A mere indulgence of the principal debtor will not discharge the surety. (*Thompson* v. *Hall*, 45 Barb., 214; *Fulton* v. *Matthews*, 15 J. R., 433; 3 N. Y., 446.) If the transaction with Mott amounted to a promise to extend the time of payment of the note, the same was void for want of consideration. (5 Wend., 510; 1 Am. R. 31; 11 id., 572; 31 Md., 126; 30 Wis., 361; 56 N. Y., 348.)

CHURCH, Ch. J. This action is upon a promissory note made by one Mott, as the principal debtor, and by the defendant's intestate as his surety. The referee found that Mott, the principal debtor, some time after the note was due, went to the holder with the money to pay it, which the latter (by his wife acting for him with authority), declined to receive, giving as a reason that he had no use for the money, and requested that Mott would keep it. It is also found that Mott was then solvent, and afterwards became insolvent, and the question is, whether the surety is discharged. As a matter of abstract equity, the argument is plausible, at least, that inasmuch as the note was not paid by reason of the request of the holder, the latter ought not to enforce it against the surety after the principal debtor had become insolvent. The general rule applicable to the relation of creditor and surety is stated by Judge STORY as follows: "If a creditor does any act injurious to the surety, or inconsistent with his rights, or if he omits to do any act, when required by the surety, which his duty enjoins him to do, and the omission proves injurious to the surety, the latter will be discharged, and he may set up such conduct as a defence to any suit brought against him." (1 Story's Equity, §§ 325, 326,

and cases cited in note.)   The current of authority, which I think is quite harmonious, establishes that the act which will discharge a surety must be legally injurious or inconsistent with his legal rights.   An agreement with the principal debtor extending the time of payment, or in any manner changing the contract made by the surety, will have that effect.   So the release of a security held by the creditor and the like.   The facts found by the referee do not present a case within the rule.   The contract was not changed.   The time was not extended by any binding agreement.   An action might have been brought immediately after the transaction in respect to the payment, and the circumstances which took place would not have constituted a defence.   It is well settled that mere indulgence will not discharge a surety.   (45 Barb., 214; 3 N. Y., 446; 15 J. R., 433.)   The holder preferred not to collect the note, and gave indulgence, but not a stipulated extension.   The other principle referred to is, that the surety may be discharged from an omission of duty on the part of the creditor, but the surety must intervene and request the performance of the duty.   It has been established, accordingly, that if a surety request the creditor to sue, and the latter neglects to do so, the surety will be discharged if the neglect has produced injury.   (25 N. Y., 552.)   Here there was no request.   The surety did nothing.   He was not prevented from demanding prosecution by the creditor, nor from paying the note and prosecuting the principal himself.

We are now asked to go a step further and hold that if a note is not paid because the creditor prefers to give indulgence rather than receive payment, the surety is discharged if the principal debtor happens to become insolvent.   We have not been referred to any authority for such a precedent. The case of *Lewis* v. *Van Dusen* (25 Mich., 351) was upon a guaranty of collection.   It does not appear distinctly upon what ground the court placed its decision; but the question of diligence was necessarily involved, besides the refusal to accept the money when offered, and there was a neglect to prosecute for two years, during which the guarantor became

insolvent. The decision was clearly right without the fact of the offer to pay, and that circumstance only aggravated the *laches.* In the case cited from 46 Vermont (258) there was a tender of the money due, which was held to discharge the surety, although not accepted. On the other side, the recent case in this court of *The Second National Bank of Oswego* v. *Poucher* (56 N. Y., 348) decided that where a debtor owing two demands offered to pay one of them, and was induced by the creditor to pay the other, the indorsers upon the demand not paid were not discharged. The circumstances which will discharge a surety are well defined by repeated adjudications, viz.: The doing an act which is legally injurious to the surety, or which impairs his legal rights, or the omission to perform a duty when required by a surety, which omission results in injury to the surety. Indulgence to a debtor is not sufficient, and the distinction is not apparent between indulgence, with the expressed consent or even request of the creditor, and mere silent delay, provided the contract is not changed or impaired. It is a common occurrence for debtors to ask indulgence without any specified time, and creditors would constantly be in danger of losing their debts by mere negative acquiescence. The facts presented in this case rarely occur. It is not often that the debtor omits to pay at the request of the creditor, but if we enlarge the grounds for discharging a surety in such a case, we shall establish a precedent which may prove highly injurious in unsettling and weakening the obligations of written instruments. It is better to adhere to established general rules than to attempt to work out equity in exceptional cases.

It is quite evident that the creditor had no idea of discharging the surety. He did not prevent the payment of the note. He did not refuse to receive the money. He only expressed a desire that it should not be paid. There was no tender or attempt to tender the money. The contract was not changed. The surety did not intervene and request any action on the part of the creditor; and although loss has

occurred in consequence of the indulgence, it cannot be affirmed that the creditor did any act impairing the legal rights of the surety, nor did the latter take any action to relieve himself from liability.

The judgment must be affirmed.

All concur.

Judgment affirmed.