.BENJAMIN S. TIFFANY, APPELLANT, v. GEORGE R. WILLIS, RESPONDENT.

*Guaranty of collection — what laches of the creditor in sueing the debtor will release the guarantor.*

The complaint in this action alleged that on March 7, 1875, one Cursen made his note for fifty dollars, payable to the defendant, or bearer, on the first day of April then next; that at or about the same time the defendant guaranteed the collection of the note and transferred it for a valuable consideration; that subsequently the plaintiff became the owner and holder of the note so guaranteed; that on November 3, 1880, the plaintiff commenced an action against the maker in Orleans county and recovered a judgment therein upon which an execution was issued, and returned unsatisfied by the sheriff of that county on November 29, 1880. This action was commenced on the last named day. The note was dated at Ridgeway in Orleans county.

*Held*, that the unexcused delay of five years and six months in bringing an action against the maker discharged the defendant from all liability upon his guaranty.

That the complaint was properly dismissed upon the ground that it did not state facts sufficient to constitute a cause of action.

APPEAL from a judgment in Orleans county, dismissing the plaintiff's complaint, entered upon the trial of this action by the court without a jury.

The court "found as facts, the facts as stated in the complaint" and that the action was commenced on the 29th day of November, 1880. As conclusions of law : 1. That the plaintiff is not entitled to recover of defendant. 2. That the complaint be dismissed. Upon plaintiff opening, the defendant moved that the complaint be dismissed "on the ground that it did not contain facts sufficient to constitute a cause of action, which motion of defendant was granted and plaintiff excepted.

*Hunt & Whedon*, for the appellant.

*Nelson A. Graves*, for the respondent.

HARDIN, J.:

In the complaint it was averred that George Carson made his note for fifty dollars, March 7, 1875, payable on the first of the following April, and that it was payable to the defendant Willis, who, about the same time, executed a *guaranty of the* collection thereof

and transferred it, and the plaintiff became the owner of the note and guaranty, and that he, on the 3d of November, 1880, commenced an action in this court against the maker in Orleans county, and recovered a judgment thereon the 26th of November, 1880, and on that day issued an execution thereon which was returned by the sheriff of Orleans county wholly unsatisfied on the 29th of November, 1880, and it appears this action was thereupon on the last named day began.

The note was set out and is dated at Ridgeway and that gives rise, with the issuing of execution to the sheriff of Orleans county, to the inference that the maker resided at its date and continued to reside in Orleans county for the five years and seven months succeeding the time when the note was due, and prior to any action by the holder against the maker or guarantor.

The answer of the defendant avers that the maker resided in Orleans county at the time of the execution of the note, and has since continued to reside there and that he might all that time have been sued " by a personal serving of summons." However, we do not intend to attach any importance to the averments of the answer. As the main question involved in the case is presented by the averments we have quoted from the complaint, and the finding of their truth made by the trial court, we are of the opinion that the delay of five years and six months in bringing an action against the maker of the note worked a discharge of the guarantor from the terms of his guaranty of collection. (*Burt* v. *Horner*, 5 Barb., 501 ; *Vanderveer* v. *Wright* 6 id., 547 ; *Mains* v. *Haight*, 14 id., 76 ; *Penniman* v. *Hudson* Id., 579 ; *Craig* v. *Parkis*, 40 N. Y., 181 ; *Northern Ins. Co.* v. *Wright*, 76 id., 448 ; affirming decision made by this court, reported 13 Hun, 166, opinion by TALCOTT, J.)

The obligation of the creditor, as a condition precedent to a right to recover of the guarantor, to prosecute within a reasonable time, was pointed out and asserted in *Newell* v. *Fowler* (23 Barb., 628) and in *Gallagher* v. *White* (31 id., 94) and in *Griffith* v. *Robertson* (15 Hun, 346). In *Clark* v. *Sickler* (64 N. Y., 235), CHURCH, J., recognized *Lewis* v. *Van Dusen* (25 Mich., 351), and says it was well decided, and puts his approval of it upon the ground that there was a delay of two years, during which the maker became insolvent, and the guarantor of collection was held to be discharged.

As there was no dispute about the situation and circumstances of the parties, and no question as to the steps which have been taken or omitted by the guarantee against the principal debtor, the question of due diligence was a question of law. (*Burt* v. *Horner*, 5 Barb., 501.)

The facts found in this case support the conclusion of law pronounced by the court, to wit, that the plaintiff had not made out a cause of action. *Clark* v. *Sickler* (*supra*), approves *Thompson* v. *Hall* (45 Barb., 214), where it was held that mere delay or indulgence would not discharge a surety or accommodation maker of a note. To the same purport is the case of *Second National Bank of Oswego* v. *Poucher* (56 N. Y., 348), where an indorser was held not to be discharged, though the creditor had persuaded the debtor not to pay the note in suit, but to apply his funds in payment of another debt held by the creditor. The holder of a guaranty of collection stands in a different position, and owes the guarantor the duty of diligence in collecting of the principal debtor within a reasonable time. Nor does *Hunt* v. *Purdy* (82 N. Y., 490) aid the appellant. The defense relied upon to escape from a guaranty of payment of a mortgage, was that a notice had been given to the creditor to proceed and collect, and it was properly held that the burden of the defense was upon the defendant, and that *the notice* was *insufficient*, and that when sufficient notice had been given the burden is upon the defendant of showing that the failure to attempt to collect resulted in injury to the guarantor.

The judgment should be affirmed.

SMITH, P. J., and MALCOMBER, J., concurred.

Judgment affirmed.