JUDGE HARDIN
delivered the opinion oe the court.
This action was founded on a promissory note for three thousand dollars, dated the 2d day of March, 1861, payable twelve months thereafter to William H. Davidson, the testator of the plaintiffs, and purporting to have been *558 executed by John Preston, jr., and William Preston, by his attorney in fact, William Preston Johnston.
The defendant William Preston defended the action, resisting a recovery against him substantially on the alleged grounds: first, that W. P. Johnston, although his agent for certain specified purposes, was not authorized, by the power of attorney under which he attempted to execute the note, to bind his principal by signing it, as he did, and that the same was not therefore the act and deed of the defendant; second, that if the note was ever binding upon him, the debt was solely one of John Preston as principal and himself as surety, and that the plaintiffs had exonerated him from liability by receiving from John Preston payments of interest, in advance and before the same were due, in consideration of forbearance to enforce the payment of the debt according to the terms of the contract.
By an agreement of the parties dispensing with a jury, the issues presented by the defense were tried by the court, and thereupon a judgment was rendered for the plaintiffs for $2,155.69, as the balance of the debt after deducting the amount of certain credits which were ascertained and allowed. This appeal seeks a reversal of that judgment.
It appears that in November, 1858, the appellant, being about to leave the United States, executed a power of attorney to William Preston Johnston, which is as follows: “Know all men by these presents that I, William Preston, of Louisville, Kentucky, hereby constitute and appoint William Preston Johnston my true and lawful attorney for the following purposes, to-wit: first, to collect any and all moneys due to me or becoming due, and to receipt for same; second, to indorse on any paper, renewing any paper, on which I am responsible as the surety of John Preston or Susan P. Christy, and to render me liable as *559 surety for the same on any new paper hereafter to be negotiated by any banking corporation or individual in Kentucky, not exceeding twenty thousand dollai’s each. In testimony whereof,” etc.
It is insisted for the appellant that as the evidence conduces to show that on the 2d day of March, 1861, he was bound as the surety of John Preston for over twenty thousand dollars, the power of his agent to execute further obligations binding him as John. Preston’s surety was exhausted; but, as we interpret the power of attorney, it not only authorized the renewal of debts then existing in which the appellant was bound as surety of John Preston, but empowered the attorney in fact to bind him likewise as surety in debts subsequently created by John Preston, not exceeding twenty thousand dollars. And according to this construction of the power it does not appear that, for the reason suggested, the agent transcended his authority.
But as it was shown that the note in controversy was given in renewal of one which John Preston and the appellant by his said attorney had executed to Davidson in 1860, in which ~W. E. Preston was also an obligor, it is further contended for the appellant that, the agent not being authorized to bind his principal as surety for W. E. Preston, the note first given was not obligatory on the appellant; but if it was, the novation of the debt by the renewal, in which the name of W. E. Preston was omitted, was not within the scope of /W. P. Johnston’s authority, and did not bind the appellant. It is deemed a sufficient answer to this objection, in either aspect, that John Preston, as proved by his own deposition, was first and last the principal obligor in the debt, having obtained the loan of money from Davidson in the first instance for his individual use; and although he signed the name of "W". E. *560 Preston to the first note as his surety, as he was authorized to do, W. P. Johnston was, in our opinion, authorized to bind the appellant on both the first and second notes as the surety of John Preston.
But the correctness of the judgment is questioned on another ground — on which the counsel for the appellant, in the argument of this case, have mainly relied — that the plaintiffs, by a novation of the contract with John Preston, made without the assent of the appellant, postponed their right of action on the note in consideration of interest paid in advance thereon.
It is a familiar principle, and one which is well settled by numerous adjudications of this court, that where a creditor, by a written or verbal contract with the principal debtor, has for a valid consideration agreed to forbear to pursue his legal remedy on the original contract, without the consent of the surety, and has thereby changed the original attitude of the parties “ by tying his own hands, or otherwise obstructing the legal or equitable rights of the surety,” the surety is thereby exonerated. (Sneed’s executor v. White, 3 J. J. Mar. 525; Tudor v. Gloodloe, 1 B. Mon. 322; Anderson v. Morrison, 7 B. Mon. 318; Robinson, &c. v. Miller, 1 Bush, 179.) And according to the case of Kenningham, &c. v. Bedford, &c., 1 B. Mon. 325, and other authorities, it may be regarded as a settled proposition of law that the payment in advance of interest is a sufficient and binding consideration for stipulated indulgence. But it is equally well settled that mere forbearance or passive indulgence by the obligee, or even forbearance upon an assurance thereof to the principal debtor, will not release the surety, unless such indplg^nce is given or to be given in compliance with an enforcible contract founded on some valuable consideration.; for it is the act of the creditor, depriving himself of the power *561 of suing by something obligatory upon him, and which therefore operates to suspend or frustrate the incidental or correlative rights of the surety, which operates to release the latter. Therefore,, although a sufficient consideration may have passed to the obligee to support an express promise of indulgence, or from which a binding agreement to indulge the obligor might be inferred in the absence of counteractive evidence, and though indulgence be given yet the surety will not be released unless there is a stipulation, express or implied, on the part of the obligee to give indulgence, for it is that which postpones the right of action, and constitutes a novation of the contract.
Upon the note in controversy in this case six indorsements of payments appear to. have been made by the holders. The first of these credits is for three hundred dollars, and dated the 28th day of February, 1862, two days before the maturity of the note, and consequently when no interest had accrued on the debt. The five succeeding credits are for one hundred and eighty dollars each, and appear to have been entered successively at intervals of about one year from the maturity of the note, and are satisfactorily shown to have been indorsed for payments made and accepted as for the annual interest on the debt; but whether these payments of interest were advance payments or of interest which had accrued seems to depend on whether the first payment of three hundred dollars was for interest in advance or, as the credit indorsed on the note and a receipt given simultaneously therewith import, a general payment on the debt.
The testimony of John Preston, although not explicit as to the intention of the appellees in receiving the three hundred dollars, conduces to the conclusion that it was paid and accepted as one year’s interest, at ten per cent., *562 on the debt in advance; and although it appears from the testimony of Speed that he did not intend in accepting it to release the appellant, and that he gave the credit and receipt for it- as a general payment, under the advice of his counsel, in order that the transaction might not have that legal effect, he, in fact, received the money as interest paid in advance; and, as he expressly testifies, he afterward “considered the whole principal of the note due; viz., three thousand dollars.” The conclusion to which these facts lead is fortified by the intrinsic evidence furnished by the subsequent payments of one hundred and eighty dollars each, that sum being the exact interest at six per cent, (which was the rate exacted after the first payment) on three thousand dollars; but if the debt had been reduced to two thousand seven hundred dollars by the first payment, as the credit imports, the annual payments of interest at the rate exacted would have been only one hundred and sixty-two dollars each.
While therefore it appears that the appellees did not intend that their receipt of the three hundred dollars, nor any of the other payments, should have the legal effect of releasing the appellant, we can not resist the conclusion that all the payments made were of interest in advance; and it is equally clear that these payments were made by John Preston in consideration of forbearance which, if not expressly promised, it was understood by him would be given. Put it is argued for the appellees that although the acceptance of payments so made may have authorized an expectation that indulgence would be given, as no express contract to forbear is proved, none such should be inferred. We are of a different opinion. The prepayments of interest being made as the price of indulgence, and received by the appellees with knowledge of that fact, and without notice to the payer that the forbearance *563 thus paid for would not be given, they were bound by an implied promise to forbear to sue until the expiration of the time for which the interest was paid. The judgment against the appellant William Preston is therefore deemed erroneous.
Wherefore the judgment is reversed, and the.cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.