## WOODBURN ET AL. *v.* CARTER.

SUPREME COURT.—*Exception.—Demurrer.*—A ruling upon a demurrer cannot be reviewed by the Supreme Court, where no exception to such ruling has been taken in the court below by the party who assigns it as error.

PRINCIPAL AND SURETY.—*Extension of Time.*—The receiving of a payment of interest in advance upon a note, after its maturity, by the payee from the maker, implies a contract for the extension of the time of payment during the period for which interest is so paid, and if such extension be made without the consent of the surety, he will be discharged.

From the Monroe Circuit Court.

*J. W. Buskirk, L. L. Norton, J. H. Louden,* and *C. W. Henderson,* for appellants.

*J. L. Pittman,* for appellee.

DOWNEY, J.—Action by the appellee, as the payee, against the appellants, as makers, of a promissory note. McCullough, one of the defendants, made default. Woodburn and Phillips, the other defendants, answered in four special paragraphs. Each paragraph of the answer alleges that the defendants pleading it are and were sureties on the note for McCullough, their co-defendant, and each sets up and relies upon an extension of the time of payment of the note by an agreement between their principal and the payee of the note without their knowledge or consent.

There was a demurrer to each paragraph of the answer, which was overruled, and the issues closed by a reply in denial of the paragraphs of the answer.

The issues were tried by a jury, and there was a verdict for the plaintiff.

The defendants Woodburn and Phillips moved for a new trial, which was refused, and judgment was rendered on the verdict.

On the day the judgment was rendered, it was discovered that the clerk's entry of the ruling of the court on the demurrers showed that they had been sustained, instead of being

overruled, and, on motion of the plaintiff, this mistake in the entry was then, by order of the court, corrected.

The errors assigned are :

1. Sustaining the demurrers of appellee to the answer.

2. Refusing to grant a new trial; and,

3. Making the said correction in the clerk's entry " without some memorandum to correct by."

The record, as it appears before us, does not sustain the first assignment of error, as it does not appear that the court sustained the demurrer, but it appears, on the contrary, that the demurrer was overruled.   If we could regard the amendment of the entry as having been improperly made, and must treat the record as showing that the demurrer was sustained, the appellants would be in no better condition, so far as this point is concerned; for the record does not show that the defendants excepted to the ruling of the court on the demurrer.   On the contrary, it shows that the plaintiff excepted.   The ruling could not be reviewed without an exception to it by the appellants.   This view disposes of the third assignment of error also, since the amendment, if improperly made, which we do not decide, did not harm the appellants.   There is nothing in the view presented as to a trial without an issue.

On the trial of the cause, the defendants requested the court to give the jury the following charge, which the court refused to give, and to which there was an exception :

" If you find from the evidence that Phillips and Woodburn were sureties on the note in suit for the defendant McCullough, which was known to the plaintiff, Thomas Carter, and if you further find that the defendant McCullough, after said note became due, paid interest on the same for some length of time in advance to the plaintiff, and which was by him received as such, then the law implies an agreement to extend the time of payment of said note during the time for which such interest was paid in advance, and such extension of time, if made without the consent of said Phillips and Woodburn, would release them, and your finding will be in their favor."

On the contrary, the court instructed the jury as follows :

" Whether the plaintiff in this case did or did not extend the time, upon payment of interest in advance, one, two or six months, is a question of fact for you to determine."

To which there was an exception.

The inference is irresistible that where a creditor receives a payment of interest in advance on his note from the debtor,, there is a contract to extend the time of payment during the period for which the interest is paid. Such has been held to be the law by this court. *Hamilton* v. *Winterrowd,* 43 Ind. 393.

The judgment is reversed, with costs, and the cause remanded with instructions to grant a new trial.