Kerns v. Ryan.

---

FRANK A. KERNS, ADMINISTRATOR,

V.

WINNEFRED RYAN.

26    177
100   ²175

*Principal and Surety— Extension of Note—Consideration—Payment of Interest Due— Evidence— Conflict of —Instructions— Error without Prejudice.*

1. An agreement extending a promissory note, to effect the release of the surety, must be without his knowledge and consent, and must be based upon and supported by a new consideration. The payment of interest already due is insufficient.

2. In order to release a surety, the agreement for an extension need not be in express terms.

3. An improper instruction, which clearly did not and could not work an injury to the appellant, is not sufficient ground for reversal.

[Opinion filed March 20, 1888.]

APPEAL from the Circuit Court of Stark County; the Hon. S. S. PAGE, Judge, presiding.

Mr. B. F. THOMPSON, for appellant.

Mr. W. W. WRIGHT, for appellee.

BAKER, J.  On the 9th day of June, 1885, one Richard Kerns was indebted to Winnefred Ryan in the sum of $500 for borrowed money, and gave to her his note of that date for $500, due one year after date and drawing eight per cent. interest, and Abner Kerns, the intestate of appellant, signed the note as security. Abner Kerns died April 30, 1887, and the note was presented as a claim against his estate, and the allowance thereof contested by the administrator. The claim was allowed against the estate in the County Court. Upon appeal to the Circuit Court of Stark County, there was a jury trial and verdict and judgment for appellee. The administrator brings the record to this court.

It is a conceded fact that one James Kerns, acting as the agent of Richard Kerns, the principal debtor, paid to appellee the sum of $40, it being the first year's interest on said note, and that, in consideration thereof, appellee agreed to extend the time of payment of the note for another year. That this arrangement was made without the knowledge or consent of the security is undisputed. In respect to the time when the $40 was paid and extension agreed upon, there is a very great conflict in the testimony. Mrs. Ryan swears positively that at that time the note was overdue—some two or three days overdue. That she can not read, but knows it was overdue for the reason that she was talking about it to her daughter, and her daughter looked at the note a day or two before that and told her it was due. Hannah Ryan, the daughter, also testifies that the note was past due when the payment was made, that she had looked at the note, and that no one came near to pay it when it was due. The testimony of Richard

Kerns is that he was sick and was going away to Colfax Springs and gave his brother James the money to go out and pay Mrs. Ryan her interest. Thinks it was about the 15th or 20th of May, along in the latter part of May, 1886.

He put down in his memorandum the time he got to the Springs, and thinks it was the 21st or 22d, but did not have his memorandum with him at the time of testifying. He further states that is all that makes him think it was about that time. There is also some testimony with reference to admissions made by appellee in the presence of appellant and his mother, America Kerns, but it is not of a very satisfactory character. Appellant first says that Mrs. Ryan told him the interest was paid her some time along before the note was due ; that she would not be positive as to that, but she thought it was before it was due. He subsequently further qualifies this by saying that he will not be certain, but thinks she said the note was not due when the interest was paid. America Kerns thinks appellee stated she received the interest about the time the note was due, and swears that it seems to her, those were the words Mrs. Ryan used.

The burden of proof being upon appellant we are not prepared to hold that under the evidence the jury was not authorized to find that he had failed to show by a preponderance of the evidence that the $40 interest was paid prior to the maturity of the note.

If the interest was due when it was paid, then no consideration to support a binding contract could grow out of its payment. Such payment was already required by the terms of the original note. In such state of the case, the agreement to extend time for payment would be a mere *nudum pactum*. An agreement for the extension of time for the payment of a note, made between the principal maker and a payee, that will have the effect to release a security on the note, if made without his knowledge and consent, must be based upon and supported by a new consideration, and the payment of interest for which the makers of the note are already liable is not a sufficient consideration to make such agreement valid. Waters v. Simpson, 2 Gilm. 570; Woolford v. Dow, 34 Ill. 424; Stu-

ber v. Schack, 83 Ill. 191; Crossman v. Wohlleben, 90 Ill. 537.

The fourth instruction given at the instance of appellee is ambiguous, and it is uncertain from its terms whether the word "expressly" contained therein qualifies the word "agreed," or the clause "in consideration that the interest was paid before it was due," or qualifies both the word and the clause. We will assume the qualification applies to both. The use of the word "expressly," in whatever way it is applied, makes the instruction an inaccurate and incorrect statement of the law. It is not essential that the contract between the creditor and the principal debtor to give further time to the latter, in order it may have the effect to discharge the surety, if made without his knowledge and consent, should be made in express words; proof of a mutual understanding and intention, or of an implied agreement, if acted upon, will be sufficient. But it is the established doctrine that an improper instruction, if it is clear that it did not and could not work an injury, will not reverse a judgment which is sufficiently sustained by the evidence. To illustrate, if a court should assume to instruct a jury that no recovery could be had upon a promissory note which was not under seal and signed by the maker with his full christian name and without the use of any mere initial letters of such name, and the only instrument sued on or in evidence was in fact under seal and executed by the maker by his full christian name, and there was no controversy in respect to these circumstances, then it is manifest as applied to the particular case so on trial such instruction could not have misled the jury and should not have the effect to set aside another valid judgment.

It was not necessary, in the case before us, that the agreement for an extension should have been an express contract. But all the parties testify to an express contract, that it was agreed, in terms, in consideration of the $40 interest paid, that the time of payment of the note should be extended one year. James Kerns testifies: "I went and paid her the money. I paid her the money on condition that she would extend the note. I asked her if she would wait a year, when she took the money and gave credit on the note. She said she would

like to see Richard. I told her he was sick and had gone away and was not able to see anybody now, so she said she would have to wait, and took the interest. The agreement I made with her was, she was to take the interest with that agreement to wait; that is the way it was, and if she had not agreed to wait I would not have paid the interest." Appellee testifies: "He told me he would pay me the interest if I would extend the note another year, and I told him I would do that. He said if I would extend the time of the payment of the note he would pay me the interest on that day, and I finally agreed to do that, and took the money and did extend the time." Hannah Ryan says: "When James Kerns came there on that day, he told my mother he had come to pay the interest. He told her she had better take the interest now and wait for another year. She said she would take the interest and would not sue the note for another year, and she did take it."

It would seem, then, that the requirements of the instruction that the agreement for an extension should be in express terms, and that the time for the payment of the $40 interest should have been agreed upon and fixed "expressly" or in direct terms, could not have been detrimental to the rights of appellant on the trial in question. It conclusively appeared, and there was no evidence to the contrary, that the contract, if any valid contract was made, was an express contract, and that it was expressly and plainly agreed that the $40 should be paid on the day the agreement was entered into, and further that it was in fact actually paid on that day. The only controverted question of fact left by the instruction for the jury to settle, was whether or not the day of the agreement and payment was before the note and interest thereon were due. In an instruction given at the request of appellant the jury was told that if "James Kerns, for and on behalf and at the request of Richard Kerns, paid the interest on said note to Mrs. Ryan, the holder of said note, before such interest became due, and that in consideration of such interest being paid before it was due, Mrs. Ryan then and there extended the time of payment of said note one year, and agreed not to sue the note for one year, then such extension of time or agree-

ment, without the consent of the surety, will release the surety from all liability on said note, and you will find the issues in this case for the defendant." The jury was also instructed that the validity and binding force of the agreement did not depend upon the amount of the consideration, and that if the agreement was made for the consideration of the payment of interest before it was due, then the agreement was valid and binding, notwithstanding the consideration may have been of but little value. The jury found, under these instructions, that the $40 interest was paid after it accrued and was due by the terms of the original note; that the makers of the note were already liable therefor, and that the agreement for an extension, for want of a new consideration therefor, was invalid and of no binding force.

The other criticisms made upon the instructions given by the court do not seem to require special notice. Some of the instructions contained abstract legal propositions, but they stated the law with substantial correctness, and there was evidence before the jury upon which to base them.

We find no manifest error in the record, and the judgment is affirmed.

*Judgment affirmed.*