THE WALTER A. WOOD MOWING & REAPING MACHINE COMPANY v. JOSEPH W. OLIVER AND FRED B. OLIVER.

*Partnership—Dissolution—Suretyship—Release of retiring member.*

With notice of the dissolution of the partnership existing between the makers of certain notes at the time they were made, and of an arrangement between the two partners that one of them, to whom the property for which the notes were given had been turned over, should pay the notes, and after suit had been commenced on the notes, the payee, at the request of said partner, and without the knowledge of the retiring partner, extended the time for the payment of the notes, and accepted from said partner a chattel mortgage on his individual property to secure such payment. And it is held that, as between the partners, the retiring partner was merely a surety, and that by extending the time of payment of the notes, and accepting the chattel mortgage, the payee released said surety from liability on the notes.

Error to Kent. (Adsit, J.) Argued November 21, 1894. Decided December 22, 1894.

*Assumpsit.* Defendant Joseph W. Oliver brings error. Reversed as to appellant, and no new trial ordered. The facts are stated in the opinion.

*Wolcott & Ward,* for appellant.

*Turner & Carroll,* for plaintiff.

LONG, J. This case was tried before the court without a jury, and the following findings made:

"1. That the said defendants, Joseph W. Oliver and Fred B. Oliver, were in the year 1884, and for some time prior thereto, engaged, as copartners, in farming in Northern Dakota, and that they continued together in the farming business until about the 1st of August, 1885, when Fred B. Oliver took charge of his brother's (Joseph W. Oliver's) part of the business.

"2. That the said Joseph W. Oliver and Fred B. Oliver jointly, on the 1st day of August, 1884, at Steele, Dakota, executed three certain promissory notes,—one for eighty dollars ($80), payable on or before the 1st day of November, 1885, with interest at 10 per cent. per annum from August 1, 1884, until paid; one for eighty-five dollars ($85), payable on or before the 1st day of November, 1884, with interest at 10 per cent. per annum from August 1, 1884, until paid; and one for eighty dollars ($80), payable on or before the 1st day of November, 1886, with interest at 10 per cent. per annum from August 1 until paid.

"3. I further find that these notes were given by the defendants as the purchase price of a Walter A. Wood harvester and binder, and that said machine was used by them for the purpose of carrying on their farming operations until about the 1st of August, 1885, when the harvester and binder was turned over by Joseph W. Oliver to his brother, Fred B. Oliver, and after that time Joseph W. Oliver had no further interest in the machine.

"4. I further find that, by an agreement between the agent of the plaintiff and the defendants, the time of payment of the notes falling due on the first day of November, 1884, and on the 1st day of November, 1885, was extended until the 1st of October, 1886, and I find that such extension was made with the knowledge and consent of Joseph W. Oliver. I further find that on or about

July 23, 1888, by agreement between plaintiff and Fred B. Oliver, the time of payment of the two notes mentioned in the fourth finding of fact was extended for one year, and that plaintiff, to secure the payment of said notes, took from defendant Fred B. Oliver a chattel mortgage on his individual property.

"5. I therefore find, as a matter of law, that the said Joseph W. Oliver is liable as a joint maker of said notes, and plaintiff is therefore entitled to a judgment for $258.80 and costs."

Exception is taken by counsel to the action of the court:

1. In refusing to add to the first finding, as requested, the following: "Taking the assets of the firm, and assuming and agreeing to pay the debts of the firm, including the notes hereinafter described, and that this agreement was made with the full knowledge of the plaintiff."

2. In refusing to add to the fourth finding that "this extension was made without the knowledge and consent of defendant Joseph W. Oliver."

3. In finding, as matter of law, that Joseph W. Oliver was still liable on the notes.

It appears that at the time the notes were given the defendants were partners in business, and gave the notes as such, or at least as joint makers. Joseph W. never denied his liability until suit was brought upon the notes, though it seems that he told plaintiff's agent that he had turned over the property to his brother, and that he would pay the notes. At the time the notes became due, neither could pay them, and they were extended, and apparently with the consent of Joseph W. Fred says, "My brother agreed that I might make any terms I could with reference to these notes," and he says he notified Joseph what arrangement he had made.

But it is claimed that by taking the mortgages from Fred the plaintiff released Joseph W. Oliver. When the second mortgage was taken, Fred says that Joseph told him to see what arrangement could be made with the

agent. After suit was commenced the third mortgage was taken.[1] On June 5, 1888, Fred wrote plaintiff:

"My brother J. W. Oliver, of Grand Rapids, informs me that your man has been there to collect the harvester notes signed by us jointly. * * * I want to relieve him of any further trouble," etc.

In this letter he proposes to give a chattel mortgage as security, describing the property on which the mortgage would be given. In answer to this the plaintiff wrote on June 16 that suit had been commenced, but a chattel mortgage would be taken to secure the judgment, and he could have time to pay it. This mortgage was given July 23, 1888, and recites that it is to secure the payment of the notes, and the time of payment was extended to 1888 and 1889. There is no showing that Joseph W. ever consented to this, or in fact ever knew of it. The plaintiff knew that the partnership had been dissolved, and that there was an arrangement between the defendants that Fred was to pay the notes. As between the partners, therefore, Joseph was merely a surety, and this with the knowledge of plaintiff; hence, when plaintiff extended the time on the notes by taking the third chattel mortgage, it must be held to have discharged Joseph W. *Smith v. Shelden*, 35 Mich. 42.

The judgment must be reversed as to Joseph W., and no new trial will be ordered.

The other Justices concurred.

---

[1] The first mortgage was given by both defendants at the time of the execution of the notes; the second by Fred B. when the first extension was made.