[No. 1523. Decided March 30, 1895.]

FRANK R. CULBERTSON, *Appellant*, v. FRANK R. WILCOX *et al.*, *Respondents*.

NEGOTIABLE INSTRUMENTS — EXTENSION OF PAYMENT — DISCHARGE OF SURETIES — EVIDENCE.

The fact that one who signed a note as maker was in reality a surety, would not entitle him to discharge from liability by an extension of the time of payment, unless the holder of the note had actual notice of the suretyship at the time of extending payment.

Parol evidence is admissible for the purpose of showing that one who appears upon the face of a note as a maker is in fact a surety, and also for the purpose of showing knowledge of the holder that such signer was merely a surety.

In an action upon a promissory note executed by three persons apparently as makers, but of whom two were sureties for the other, notice to the holder of such suretyship is not established by the introduction in evidence of letters from him to the principal, in answer to letters from the latter asking for further time, in which the note was designated as "your note," and by proof that one of the sureties, subsequent to a payment on the note and an agreement for its extension, had told the holder's agent that he was only a surety.

*Appeal from Superior Court, Spokane County.*

*Samuel R. Stern*, for appellant.

The opinion of the court was delivered by

ANDERS, J.—This is an action to recover the balance due on a promissory note, of which the following is a copy:

"$400.      SPOKANE FALLS, WASH., Mar. 7th, 1890.

Six months after date, without grace, for value received, we promise to pay to the order Sue M. Glidden at the First National Bank of Spokane Falls, Wash., four hundred dollars, with interest at the rate of $1\frac{1}{4}$ per cent. per month, until maturity, and thereafter until paid at $1\frac{1}{4}$ per cent. per month; principal and interest payable in United States gold coin. And

in case suit or action is commenced to enforce payment of this note, or any portion thereof, we promise to pay the additional sum of ten per centun of the amount due on this note as attorney's fees in said action, to be included in any judgment which may be rendered on this note.                   FRANK R. WILCOX.
                                              A. P. CURRY.
                                              C. W. IDE.

The defendant Wilcox interposed no defense to the action and judgment was taken against him.   The defendants Curry and Ide answered, alleging suretyship and an agreement by plaintiff with Wilcox, the principal debtor, upon sufficient consideration, to extend the time of payment, whereby they were discharged.   By agreement of the parties, the cause was tried by the court without a jury, and the court found, in effect, that the answering defendants were sureties; that the plaintiff treated Wilcox as principal, recognizing the note as his note and not as the joint note of all the makers, and that the plaintiff, for a valuable consideration paid to him by Wilcox, extended the time of payment without the knowledge or consent of the said sureties, and that they were thereby discharged from all liability on the note.   Plaintiff's complaint was dismissed and judgment was accordingly entered for costs in favor of defendants Curry and Ide, from which judgment the plaintiff prosecutes this appeal.

Defendants, at the trial, in open court, admitted the execution of the note, and that plaintiff was a *bona fide* holder for value, before maturity, and the question of plaintiff's title is therefore not here in controversy.

It was not contended by appellant in the court below, and is not contended here, that it cannot, under any circumstances, be shown by parol evidence that one or more of several joint makers of a promissory note are in fact sureties for another of the makers; but it was,

and still is, insisted that it was not competent to prove such fact for the purpose of claiming a discharge from an apparent obligation, without first showing that the holder was cognizant of the fact of suretyship; and the evidence introduced was objected to for. that reason. We think, however, that the testimony was admissible but, standing alone, it is of no force or benefit in favor of the defendants in whose behalf it was given. If these defendants signed the note as sureties for Wilcox and for his accommodation merely, that fact will not affect their liability to the plaintiff, unless when he extended the time of payment he had actual notice that they were such sureties. Upon the face of the paper each maker appeared to be a principal, and the holder had a perfect right to consider and treat him as such until notified to the contrary. The rule in such cases is well expressed in *Grafton Bank v. Kent*, 4 N. H. 221 (17 Am. Dec. 414), as follows:

"Where a maker of a note, who has signed as a surety, does not appear on the face of the paper to be a surety, he is to be considered and treated as a principal with respect to all those who have no notice of his real character; but that wherever it is material, a defendant may show by extrinsic evidence that he made the note as a surety only, and that it was known to the plaintiff that he was only a surety."

See, also, *Harmon v. Hale*, 1 Wash. T. 422.

We think it is sufficiently shown that both Curry and Ide were sureties as between themselves and Wilcox, and that the latter, for a valuable consideration, extended the time of payment of the note without their knowledge or consent. There is, therefore, practically but one question for us to determine, and that is whether the evidence is sufficient to sustain the conclusion that the plaintiff had actual notice that these

respondents, Curry and Ide, were such sureties at or before the time at which the agreement was entered into with Wilcox.

In our opinion the evidence is insufficient. Two letters from the plaintiff to Wilcox were introduced in evidence, from which it appears that the former, in writing to the latter concerning the note in question, in answer to letters from him asking further time for payment, designated it as "your note." It also appears that the plaintiff, who resided in Idaho, sent the note for collection to the bank at Spokane Falls, where it was made payable, and that the defendant Curry told the cashier of the bank, after $200 had been paid on the note by Wilcox, and an extension of time given by plaintiff for payment of the balance, that he, Curry, was only a surety. These circumstances constitute the entire evidence relied upon to prove notice of suretyship to plaintiff, and they are manifestly insufficient. If, under the same circumstances, General Curry had told the plaintiff himself, instead of the cashier of the bank, that he was a surety only, that fact would not have relieved him, and much less Mr. Ide, from liability as maker of the note. The information would have been too late to be effective, and it is therefore of no moment whether the cashier of the bank was or was not the agent of plaintiff.

The judgment is reversed, and the cause remanded with directions to enter judgment for plaintiff for the amount due on the note, together with costs and attorney's fees.

HOYT, C. J., and DUNBAR, GORDON and SCOTT, JJ., concur.