R. E. MADDOX ET AL. v. M. J. LEWIS.

No. 2051.

**1.  Promissory Note—Extension of Time—Release of Surety.**

Acceptance by the payee of a note of interest thereon paid to a date beyond its maturity is only prima facie evidence of an agreement of extension of payment to such date, and a surety not consenting to an extension will not be released thereby, where it appears that the payee did not in fact agree to such extension.

**2.  Same—Written Endorsement—Parol Evidence.**

A written endorsement on the note by the payee of the payment of interest in advance will not make an exception to the rule, since this is but a receipt which may be varied or contradicted by parol evidence showing that no extension was thereby intended.

APPEAL from Tarrant.  Tried below before Hon. W. D. HARRIS.

*Q. T. Moreland,* for appellants.—1.  Payment of interest in advance by the debtor to the creditor, after the maturity of a note, for a specified time, and the acceptance of the same, constitutes of itself a binding contract for the extension of the note up to the date to which the interest has been paid; and such an extension having been made without the knowledge or consent of the surety, releases the surety.  Burke v. v. Cruger, 8 Texas, 66; Brown v. Fountain, 22 S. W. Rep., 129; Wylie v. Hightower, 74 Texas, 306; Gardner v. Gardner, 23 S. C., 588; Union Bank v. McClung, 9 Humph. (Tenn.), 98; Woodburn v. Carter, 50 Ind., 376; Warner v. Campbell, 26 Ill., 282; Peoples Bank v. Pearsons, 30 Vt., 712; 2 Brandt on Suretyship, sec. 351-2; Daniel Neg. Inst. (4 ed.), sec. 1318; Starret v. Burkehalter, 86 Ind., 442.

*Hogsett & Orrick,* for appellee.—The payment and acceptance of interest on a past due note for a specified time beyond the time of such payment and its endorsement on the back of the note does not constitute either a binding contract of extension to the date for which the interest was accepted, nor does it constitute conclusive evidence of a binding contract for such extension.  Claiborne v. Birge, 42 Texas, 98; Hamilton v. Winterrowd, 43 Ind., 393; Haydenville Sav. Bank v. Parsons, 138 Mass., 53; Oxford Bank v. Lewis, 8 Pick., 457; Hosea v. Rowley, 57 Mo., 357; Coster v. Messner, 58 Mo., 549; Scott v. Saffold, 37 Ga., 384; Hollingsworth v. Tomlinson, 108 N. Car., 245; 24 Am. & Eng. Encyc. Law, 827; Brandt, Suretyship and Guaranty (ed. 1878), sec. 305; Randolph on Com. Paper, secs. 954-5-7; Daniels Neg. Inst., sec. 1338.

STEPHENS, ASSOCIATE JUSTICE.—The defense of W. T. Maddox, one of the appellants, to the promissory note declared on by appellee, was that of suretyship and release arising from an unauthorized extension of the time for its payment, granted to the principal, R. E. Maddox.

The note bore date May 21, 1890, and was payable six months after date, in the sum of $1800 with interest at ten per cent per annum from date till paid. Within a few days or a week or two after its maturity, and before the 1st day of January, 1891, R. E. Maddox paid the interest to the last named date, as appears from the following indorsement on the note: "Interest paid on the within note to January 1, 1891. M. J. Lewis."

When this was done appellee knew that the liability of W. T. Maddox was that of surety only, and the extension of time which it suggests was made without the consent of the surety.

These conclusions of fact we deduce from the statement of facts and the findings of the trial court. It further appears from the statement of facts that appellee refused to agree to any such extension and the court below found that he had in fact, and as R. E. Maddox understood at the time, so refused. This finding, if not overcome by the payment and indorsement above quoted, is sustained by the evidence.

*Opinion.*—The contention of appellant W. T. Maddox for a release from his liability as surety is founded upon the proposition, that the bare acceptance by the holder of a note of interest in advance for a definite period beyond the date of its maturity, constitutes of itself, as by irresistible inference or necessary implication, a contract to extend. The following cases cited to support this proposition tend at least to sustain it: Woodburn v. Carter, 50 Ind., 376; Warner v. Campbell, 26 Ill., 282; and Gardner v. Gardner, 23 S. Car., 588.

The opinion in the last case cited, though by a divided court, contains the strongest statement we have been able to find of the argument in favor of the proposition, from which we quote as follows: "Interest for money is defined to be 'the compensation which is paid by the borrower to the lender or by the debtor to the creditor for its use.' Hence when a creditor receives interest on his debt up to a certain period, he receives compensation for the use of the money by the debtor up to that period, and until that period arrives he cannot demand payment of the money, for by receiving compensation for its use by the debtor for a specified time, he has, by necessary implication, agreed that the debtor shall have the use of the money for which he has paid for the time specified; for the payment of the money certainly constitutes such a consideration as will make the agreement valid and legally binding. There can be no question of intention, for parties are presumed to intend the necessary legal effect of their acts. If, therefore, a creditor knowingly receives from his debtor interest in advance on a note, after maturity, he is necessarily presumed to have extended credit to his debtor during

the period for which he has voluntarily received compensation for the use of the money then due. Otherwise a creditor who should, after the maturity of his note, receive the interest on it for twelve months in advance, might, the very next day, bring suit against his debtor, and in due course of law recover judgment and enforce the payment of the very money the use of which for twelve months the debtor had already bought and paid for before the period had elapsed during which the debtor had by purchase acquired the legal right to its use. Surely, no court of equity would allow this; and hence we think that by such a transaction the creditor necessarily ties his own hands and debars himself, by a valid agreement, from the right of action for a specified time, which it is conceded would discharge the surety."

This view seems plausible, and we were at first disposed to adopt it, but upon more mature consideration have concluded that the argument is not sound. The facts of the case at bar suggest its fallacy.

When the advance payment of interest was made there was no court in which judgment could have been obtained on the note until after the date to which this interest was paid. The next term of the District Court of Tarrant County after the maturity of the note, in which county suit must have been brought, was fixed by law for the second Monday in January, 1891. Acts of 1887, p. 68. With this fact in contemplation, there was no inconsistency on the part of the holder of the note in accepting the interest to January 1, 1891, and at the same time reserving the right to institute suit before that time, because such suit could not have resulted in depriving the borrower of the use of the money during the period so covered by the advance payment of interest, though it might have been of importance to the holder of the note to reserve this right, in order to obtain service in time to demand a judgment at the January term. He might well have concluded, that as the note in terms provided for interest "till paid," and as before judgment could possibly be obtained thereon for the principal the interest so stipulated for would also be recoverable, there would be no impropriety in his accepting such interest up to a date beyond which the borrower would—despite any effort to collect—have the use of the money. On the other hand, the borrower, realizing not only his inability to pay the principal before January, but also that he was already in default, and that the lender would necessarily be deprived of the use of the principal sum borrowed until after that time, and possibly wishing to ingratiate himself with the creditor, in the hope of further indulgence, might with reason and propriety have paid such interest in advance, notwithstanding the express refusal of the creditor to grant any extension. There would be no occasion, in such instance, to resort to equity to prevent the prosecution of a suit which could not deprive the party complaining of the use of money for which he had so paid.

The main and substantial reason, therefore, given for the rule in the South Carolina case is wanting here. If the acceptance of interest in advance would not in the nature of things be necessarily inconsistent

with the right to institute suit immediately thereafter, the presumption of extension arising from such advance payment should not be a conclusive one; nor could it be said that the exercise of the right to institute such suit would in all cases be inequitable.

We conclude that the rule laid down by Mr. Brandt, in his work on Suretyship and Guaranty (vol. 2, sec. 352, 2d ed.), is the correct one, which is as follows: "The decided weight of authority, and it seems the better reason, is that the payment in advance of interest on the debt by the principal to the creditor is of itself, without more, sufficient prima facie evidence of an agreement to extend the time of payment for the period for which the interest is paid, and works the discharge of the surety." See the numerous cases cited to support the text. ·

The fact that the advance payment of interest is shown by endorsement on the note is not recognized as an exception to this rule. Hollingsworth v. Tomlinson, 108 N. C., 245. Such endorsement but states the fact of such payment, and is nothing more than a receipt, which has long been classed as an exception to the rule which guards a written instrument from being contradicted or varied by parol. In this case the endorsement, though signed by appellee, does not purport to embody the terms of a contract, but is a brief memorandum merely, reciting the fact of which it was intended to be in evidence. It is an admission in writing that the interest had been paid for a specified time, and nothing more.

This admission was made under circumstances which repel the inference that might otherwise obtain that an extension had been agreed to. The fact which it recites did not vary the contract signed by the surety, but was in fulfillment thereof, and did not under the circumstances deprive him of any right, but on the contrary diminished the burden, to the extent of the payment made, which otherwise would have rested upon him. He was therefore not released.

Judgment affirmed.

*Affirmed.*

Delivered February 1, 1896.