[No. 2102. Decided June 13, 1896.]

HENRY BINNIAN, *Appellant*, v. W. J. JENNINGS, *Defendant*, F. H. WHITWORTH, *Respondent*.

PRINCIPAL AND SURETY — EXTENSION OF TIME OF PAYMENT — CONSIDERATION — TRIAL — JUDICIAL COMMENT ON FACTS.

An extention of the time of payment of a promissory note in consideration of the payment of interest in advance, will discharge a surety, when made without his knowledge or assent.

The fact that the court in charging the jury, rehearses the plaintiff's or defendant's theory of the case is not a comment on the facts in violation of the constitutional inhibition.

Appeal from Superior Court, King County.—Hon. T. J. HUMES, Judge. Affirmed.

*C. E. Bowman,* for appellant.

*Stratton, Lewis & Gilman,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by the appellant against defendant W. J. Jennings and respondent F. H. Whitworth, on a promissory note. Judgment

was taken against Jennings on the pleadings. Whitworth answered separately, admitting the execution of the note, but denying any indebtedness, and setting up as an affirmative defense that he signed as a surety only and that Binnian knew that he so signed, and that appellant Binnian and defendant Jennings had entered into an agreement for a valuable consideration for the extension of the time of payment of the note without his knowledge or consent and asked to be discharged from any liability thereon. The trial resulted in a verdict in favor of the defendant Whitworth, respondent here. The action of the court in giving certain instructions to the jury, in refusing certain other instructions asked for by the plaintiff, and in refusing to grant plaintiff's request to instruct the jury to bring in a verdict for the plaintiff when the defense rested, is alleged as error.

The plain and only issue in this case was whether or not the plaintiff, for a valuable consideration, extended the time of payment of the note without the consent or knowledge of the surety. It was alleged in the answer that such was the case. There was testimony to sustain the allegations of the answer, and the jury having passed upon the sufficiency of the testimony, it is not subject to review here. It is argued by the appellant that a surety is not discharged by a mere extension of the time of payment without his consent, unless there is a valid agreement to extend, based on a legal and valuable consideration, precluding the creditor from suing as soon as he has a right to sue under the original contract. This proposition is not disputed by the respondent, and as far as we are able to ascertain, it is not involved in this case. The consideration here was the payment of interest in advance.

Mr. Brandt, in his work on Suretyship and Guaranty, § 354, quotes approvingly the reason for the rule announced in *McComb v. Kittridge*, 14 Ohio, 348, where the court said:

" It is a valuable right to have money placed at interest, and it is a valuable right to have the privilege at any time of getting rid of the payment of interest by discharging the principal. By this contract the right to interest is secured for a given period, and the right to pay off the principal and get rid of paying the interest is also relinquished for such period. Here then are all the elements of a binding contract."

This is the general rule announced by the author, who admits, however, that in spite of the reasonableness of the rule and the cogency of the reasoning above quoted, many courts have held that the promise to pay interest for an extended period creates no additional obligation, for the reason that the payor would have been obliged to pay the interest without any new agreement if the time had been given. The author very pertinently remarks, however, that this reasoning ignores the fact that if there is no new agreement the debtor may at any time pay the debt and stop the interest.

This rule is also announced in 24 Am. & Eng. Enc. Law, p. 826, where a great number of cases are collated and cited which sustain the doctrine.

But, notwithstanding the fact that some of the authorities have decided to the contrary, it is not an open question in this state, for we expressly held in *Warburton v. Ralph*, 9 Wash. 537 (38 Pac. 140), that where a contract for the extention of the time of payment of a promissory note is made by the principal and not assented to by the surety, it would result in the discharge of the surety; and substantially the same rule is followed in *Culbertson v. Wilcox*, 11 Wash. 522

(39 Pac. 954). The instructions of the court complained of are simply the announcement of this rule, and the instructions asked for by the appellant which contained the law had already been substantially given by the court.

It is alleged that the court erred in instructing the jury that there was evidence tending to show that the appellant extended the time of the payment of the note in consideration of the payment of interest in advance from month to month, as being in violation of the constitution of the state in that it commented on the facts. If the court had given the instruction as alleged in the brief of the appellant, it probably would have been error, but an examination of the record shows that no such instruction was given. The court was simply rehearsing to the jury the respondent's theory of the case, as set forth in his answer. That the jury could not have been misled by this language of the court is evident from the fact that the court, after using the words objected to, continued as follows:

"This defense as alleged by the defendant Whitworth is denied by the plaintiff. As to whether or not there was any agreement of that kind is the principal issue in this case which you are called upon to try."

We think no error was committed by the court in any particular and the judgment will therefore be affirmed.

SCOTT, ANDERS and GORDON, JJ., concur.

HOYT, C. J., dissents.