[No 2187. Decided September 3, 1896.]

BANK OF BRITISH COLUMBIA, *Respondent*, v. RICHARD JEFFS, *Appellant*.

NEGOTIABLE INSTRUMENTS — SURETYSHIP — EVIDENCE OF — RELEASE OF SURETY BY EXTENSION — ACCEPTANCE OF INTEREST IN ADVANCE — BANKS — APPLICATION OF BANK DEPOSIT ON INDEBTEDNESS DUE.

A surety is not entitled to release by an agreement between the principal and payee to extend the time of payment of an obligation, when the agreement is too indefinite to be enforcible.

It may be shown by parol that one of two or more makers of a joint and several note was in fact a surety, and was known by the payee to be such when the note was taken.

Where a creditor, without inadvertence or mistake, receives a payment of interest in advance on the note of a debtor, and does not expressly reserve the right to sue before the expiration of the

period for which interest is taken, there is a contract created to extend the time of payment during the period for which the interest is paid.

The extension of the time of payment of a note for a day only, in consideration of the payment of interest in advance, is sufficient to release a surety, when made without his knowledge or consent.

The fact that the maker of a promissory note to a bank has on deposit therein a sum of money at the time his note is past due, and when action thereon is begun against a surety, does not impose a duty upon the bank to apply said sum in part payment of the note and thereby release the surety *pro tanto*.

Appeal from Superior Court, King County.— Hon. THOMAS J. HUMES, Judge. Reversed.

*Thomas B. Hardin*, and *Pierre P. Ferry*, for appellant.

*Burke, Shepard & Woods*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This action is based upon a promissory note executed by T. M. Alvord, his wife M. J. Alvord, E. H. Alvord and appellant Richard Jeffs, said note being for the sum of $10,000, made November 15, 1890, payable to the respondent, the Bank of British Columbia, one day thereafter, with interest after date at the rate of ten per cent. The action was brought against the appellant Jeffs alone.

The amended answer contains nine separate defenses, the first of which alleges that the sum for which said not was given was loaned by the respondent to the said T. M. Alvord; that the appellant was a surety only, and that after the execution of said note by appellant the same was altered without the knowledge or consent of the appellant, by the addition thereto of the signature of one E. H. Alvord as an apparent principal. The second, third, fourth, fifth, sixth and

seventh defenses all assert that after the maturity of the note the same was, for a sufficient consideration, extended from time to time as set out in said several defenses, and that each of said extensions was had without the knowledge or consent of the appellant. The eighth defense was an attempt to set out an agreement to extend, but it lacks definiteness and the lower court sustained a demurrer thereto. From an examination we are satisfied the demurrer was rightly sustained. *Stickler v. Giles,* 9 Wash. 147 (37 Pac. 293).

The ninth defense in substance alleged that in June, 1891, at a time when said note was due, T. M. Alvord had on deposit with the respondent the sum of $3,000, which money had been borrowed by him from the respondent and had been placed to his general deposit account. This defense proceeds upon the assumption that it was the duty of the respondent to have credited the amount of said deposit upon said past due note, and that its failure to do so operated as a defense *pro tanto.*

A demurrer to the several defenses having been overruled, excepting only as to the eighth (as hereinbefore noticed), the respondent replied denying each and all of the allegations contained in the several defenses, and the cause having proceeded to trial, the court, at the conclusion of the testimony, over the objection of the appellant, withdrew from the jury the second, third, fourth, fifth, sixth, seventh and ninth defenses, instructing the jury to disregard the same in arriving at their verdict, and submitted the cause to them upon the issue raised by the first defense only, viz., as to whether there had been an alteration of the note subsequent to its execution by the appellant. Upon the issue thus submitted the jury returned a verdict for the respondent, upon which the court,

having denied appellant's motion for a new trial, entered its judgment, and the cause comes here on appeal.

It is contended in this court by the learned counsel for the respondent that the judgment was right in any event inasmuch as the note in question is signed by the appellant as an apparent maker, and it is urged that it is not competent for him to show that he executed the same in the capacity of a surety. So much has been said by courts and text-writers upon the proposition which is here urged that we deem it unprofitable to enter upon a discussion of the subject, and are content to announce that in our opinion the great weight of authority upon the question is against the contention of respondent, and that the trend of modern authority is against it. Nor do we think that it can be regarded as an open question in this state, and the right of one of two or more makers of a joint and several negotiable note to show by parol evidence that he was in fact a surety, and that that fact was known to the payee of the note when the same was taken, has been frequently recognized by this court. *Binnian v. Jennings*, 14 Wash. 677 (45 Pac. 302); *Warburton v. Ralph*, 9 Wash. 537 (38 Pac. 140); *Culbertson v. Wilcox*, 11 Wash. 522 (39 Pac. 954); *First National Bank v. Harris*, 7 Wash. 139 (34 Pac. 466).

Probably a different rule exists where one who is in reality a surety expressly declares in his contract that he is a principal or adds the word " principal" to his signature.

Proceeding to a consideration of the questions relied upon by the appellant for a reversal, aside from the error predicated upon the ruling of the court sustaining a demurrer to the eighth defense already

noticed, we think that the action of the court in with-
drawing from the consideration of the jury the so-
called defenses numbered 2, 3, 4, 5, 6 and 7, involves
but a single question, and that it is not necessary to
consider said defenses separately.   The testimony in-
troduced upon the trial relating to these defenses
showed that the entire sum represented by said note,
viz., $10,000, was a loan of money to the said T. M.
Alvord, and that the appellant Jeffs never received
any part thereof; also that the respondent had full
knowledge of that fact at the time when said loan was
made and at all times thereafter.   It further appears
that on July 30, 1892, said Alvord gave respondent
his check drawn upon the respondent bank against
the account of said Alvord in said bank for the full
amount of interest on the note in suit for the month
of July, 1892.   Said check was accepted by the re-
spondent and charged to the account of Alvord on
that day, and an endorsement thereupon made on the
back of said note as follows:  "Int. paid to the 31
July, '92."   That on March 30, 1893, a similar check
was given in payment of interest for the month of
March, and a like endorsement was made by respond-
ent upon the note; that on April 29, 1893, said Alvord
by a similar check paid the interest on said note for
the full month of April, and that the respondent upon
said 29th day of April made an endorsement upon
said note to the effect that the interest had been paid
for that month.   On May 24, 1893, Alvord gave to the
respondent his check dated on the 20th day of May,
1893, for the amount of interest upon said note in full
for said month of May, 1893.   Upon the face of said
check was contained the statement that it was given
in payment of interest for that month.   On the same
day it was presented to the respondent and by it

marked paid, and on that day charged to the account of said Alvord, and at the same time an endorsement was made upon said note showing that the interest was paid thereon to May 31, 1893. On the 28th of June, 1893, a similar transaction occurred, viz., respondent received from said Alvord payment of the interest upon said note up to the 30th day of June of that year. Thus it will be seen that the various extensions relied upon were in some instances for a day only, and in none exceeding six days, and appellant's contention that extensions were made and for definite periods is based wholly upon the acceptance by the respondent in several instances of interest in advance; and these payments are relied upon as constituting valid extensions of the time for payment of the principal sum represented by the note. The officials of the bank testified that when these interest payments were made nothing was said about the payment of or extension of the time for the payment of the principal. The respondent insists that the payment of interest in advance is not a sufficient consideration to support an agreement to extend the time, but the contrary has been held by this court in the very late case of *Binnian v. Jennings, supra.*

After an examination of all of the authorities cited upon the main proposition we think the proposition is fully supported that where a creditor, without inadvertence or mistake, receives a payment of interest in advance on the note of a debtor, and does not expressly reserve the right to sue before the expiration of the period for which interest is taken, there is a contract created to extend the time of payment during the period for which the interest is paid. *Woodburn v. Carter,* 50 Ind. 376; *Crosby v. Wyatt,* 10 N. H. 318; *Peoples' Bank v. Pearsons,* 30 Vt. 711; *Hamilton v.*

*Winterrowd*, 43 Ind. 393; *Starret v. Buckhalter*, 86 Ind. 439: *New Hampshire Savings Bank v. Ela*, 11 N. H. 335; *Uniontown Bank v. Mackey,* 140 U. S. 220 (11 Sup. Ct. 844); *Wakefield Bank v. Truesdell*, 55 Barb. 602; *Kerns v. Ryan*, 26 Ill. App. 177; *Union Bank v. McClung*, 9 Humph. 97; *Scott v. Scruggs*, 60 Fed. 721.

In the case of *Preston v. Henning*, 6 Bush, 556, the court say upon this question:

" But it is argued for the appellees that although the acceptance of payments so made may have authorized an expectation that indulgence would be given, as no express contract to forbear is proved, none should be inferred. We are of a different opinion. The prepayments of interest being made as the price of indulgence, and received by the appellees with knowledge of that fact, and without notice to the payer that the forbearance thus paid for would not be given, *they were bound by an implied promise to forbear to sue until the expiration of the time for which the interest was paid.*"

In 2 Brandt on Suretyship, § 352, that learned author says:

The decided· weight of authority, and it seems the better reason, is that the payment in advance of interest on the debt by the principal to the creditor *is of itself without more* sufficient *prima facie* evidence of an agreement to extend the time of payment for the period for which the interest is paid, and works the discharge of the surety."

Of course upon principle the extention of the time of payment for six days, or for a day only, would operate to release the surety as fully and effectually as if made for a year. Brandt, Suretyship, § 344; *Kerns v. Ryan, supra*; *Winne v. Colorado Springs Co.*, 3 Colo. 155; *Ducker v. Rapp*, 67 N. Y. 464; *Berry v. Pullen*, 69 Me. 101 (31 Am. Rep. 248).

Our conclusion therefore is that the court erred in

withdrawing said defenses from the consideration of the jury.

The remaining question relates to the partial defense urged by the appellant, and is designated "affirmative defense No. 9." We do not think that it was the duty of the respondent to have applied the $3,000 which was on deposit in its bank, to the credit of the said T. M. Alvord, in part payment of the note in question. This deposit was the result of a temporary loan made by the respondent to the said Alvord and by him subsequently checked out. We think there is no authority that would sustain the contention of the appellant in this behalf. *Voss v. German American Bank*, 83 Ill. 599.

For the error above noticed the judgment will be reversed and the cause remanded.

ANDERS and DUNBAR, JJ., concur.