Argued 8 January; decided 20 January, 1902.

## LAZELLE v. MILLER.

[67 Pac. 307.]

TRIAL—CONSIDERING PLEADINGS AS AMENDED.

1. Where a party, when certain testimony is objected to, asks leave to amend a pleading to conform to the facts as stated by his witnesses, and the court reserves its ruling but admits the testimony, and decides the point as if the amendment had been allowed, the appellate court will assume that the amendment was in fact allowed and made.

TRIAL—VARIANCE.

2. There is not a material variance between an allegation that two makers of a note were severally liable for certain parts thereof, and that each was surety for the other, and proof that the makers were originally liable for the entire sum, but afterward the payee agreed that they should be severally liable for certain parts of the debt, and that each should be liable as surety for the other for the balance, since the real question in both forms of the statement is as to the suretyship.

PARTNERSHIP NOTE—DISSOLUTION—EFFECT OF ASSUMING DEBTS.

3. Where a creditor of a partnership, holding a note jointly executed by the partners, has notice that one partner has assumed the firm debts, thus creating the relation of principal and surety between the partners, an extension of the time of payment to the partner assuming the debt, without the consent of the other partner thereto, operates to discharge the latter from all liability.

NOTE—EFFECT OF ACCEPTING INTEREST IN ADVANCE.

4. The acceptance of interest on a note in advance by a creditor from his principal debtor is an extension of the time of payment, and will release the surety, if made without his consent.

From Clackamas: THOS. A. McBRIDE, Judge.

Action on a note by Mary A. Lazelle and Ella C. Duncan against G. R. H. Miller and J. G. Pilsbury, in which plaintiffs had judgment and Miller appeals.          REVERSED.

For appellant there was a brief and an oral argument by *Messrs. C. D.* and *D. C. Latourette.*

For respondents there was a brief over the name of *Hedges & Griffith,* with an oral argument by *Mr. J. E. Hedges.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action upon a promissory note for $300, of date April 2, 1889, executed by G. R. H. Miller and J. G. Pilsbury, and payable to J. K. Bingham one year after date. The complaint is in the usual form, alleging the execution of the note, certain payments thereon, the death of the payee, the admission of his will to probate, the title of plaintiffs to the note, and that there is due and unpaid thereon $267.50, with interest from October 2, 1895. Miller alone answered, and, after some admissions and denials, alleges affirmatively that at the time of the execution of the note he borrowed of the payee $74 and his co-maker $226, and that they signed the note severally for the amount each received and as surety each for the other, which relationship was known to the payee at the time; that thereafter, on February 2, 1891, he (Miller) fully paid the amount he originally borrowed, with accrued interest, and the same was accepted in full satisfaction by the payee, who thereafter, and without his knowledge or consent, received from the other maker two payments of interest in advance, by reason whereof Miller was discharged from liability. The reply put in issue the new matter alleged in the answer. Upon the trial the plaintiffs gave in evidence the note described in the complaint, with the indorsements thereon, and rested. The two makers of the note were thereupon called by the defendant, and testified, in effect, that at the time of its execution they were partners as carpenters and builders, and jointly borrowed the money, for the purpose, as the payee

knew at the time, of paying and discharging the partnership debts, that thereafter, and in February, 1891, upon a dissolution of their partnership and settlement of accounts between them, it was ascertained that of the note in suit Miller owed and should pay $87.50 and Pilsbury the balance; that they called upon the payee of the note, and advised him of the settlement and agreement, and he thereupon received from Miller and credited upon the note the $87.50, with the understanding that Miller should be released from any further liability thereon; that thereafter the payee, without Miller's knowledge, on August 26, 1891, received and accepted from Pilsbury $24, interest to October 2, 1891, and on September 15, 1894, $26.75, interest to October 2, 1894. Objection was made to the introduction of testimony showing the relationship between the makers of the note, their settlement, and the payment by Miller, on the ground that it was a variance from the allegations of the answer. At the time the objection was made Miller asked leave to amend his answer to conform to the proof, but the court reserved its decision until the testimony was all in, when, upon motion of the plaintiffs, it directed a verdict in their favor, without, so far as the record discloses, passing on the motion for leave to amend.

1. It is contended in support of the judgment that the defendant cannot show by parol that he and Pilsbury each borrowed a certain part of the amount mentioned in their joint note, because such a showing contradicts and varies a written contract; that there was a fatal variance between the oral testimony offered and admitted and the allegations of the answer; and that the testimony does not support, or tend to support, the defense pleaded. These objections, we think, can and should be disposed of on the ground that, although there was no formal order allowing defendant to amend his answer to conform to the proofs, the testimony was admitted, and the case decided by the trial court, as if it had been so amended.

2. The motion by the plaintiffs for an order directing the jury to return a verdict in their favor seems to have been

allowed on the assumption that the facts, if properly pleaded, would constitute no defense to the action, because they do not show that the relationship of principal and surety between the makers of the note existed at the time of its execution. And, moreover, there was in fact no substantial variance between the averments of the answer and the testimony. The gist of the defense alleged is that Miller was surety for his codefendant, Pilsbury, and that the payee of the note, with knowledge of that fact, entered into a binding agreement with Pilsbury to extend the time of payment; and whether the relation of principal and surety existed between the parties at the time the note was executed or by virtue of some subsequent contract was immaterial: *Union Life Ins. Co.* v. *Hanford,* 143 U. S. 187 (12 Sup. Ct. 437). The case, therefore, should, we think, for the purpose of this appeal, stand as if the answer had alleged—what the proof shows—that, after the execution and delivery of the note, the partnership between the makers was dissolved, and one of them assumed and agreed to pay the balance due thereon.

3. This brings us to the question as to whether the acceptance of interest in advance by the payee from Pilsbury, with knowledge of the settlement between him and the defendant Miller, operated as a discharge of Miller. It is familiar law that if, on the dissolution of a partnership, one partner assumes and agrees to pay the debts of the firm, as between himself and the retiring partner he becomes the principal and the other the surety as to such debts; and a creditor of the firm, with knowledge of their agreement, is bound to so treat them in his subsequent dealings: *Colgrove* v. *Tallman,* 2 Lans. 97; *Colgrove* v. *Tallman,* 67 N. Y. 95 (23 Am. Rep. 90); *Smith* v. *Shelden,* 35 Mich. 42 (24 Am. Rep. 529); *Johnson* v. *Young,* 20 W. Va. 614, 657; *Frow's Estate,* 73 Pa. 459; *Millerd* v. *Thorn,* 56 N. Y. 402, 406; *Walter A. Wood Mach. Co.* v. *Oliver,* 103 Mich. 326 (61 N. W. 507). It follows, therefore, that, since Pilsbury, on the dissolution of the partnership, assumed and agreed to pay the note upon which this action is based, Miller was a mere surety for him as to the bal-

ance due thereon, and any subsequent agreement of the payee with Pilsbury, without Miller's consent, to extend the time of payment, would discharge the latter, under the familiar rule that where a creditor, by a positive contract with the payee, extends the time of payment of the debt without the consent of the surety, he thereby discharges the surety. In such a case it is a matter of no consequence that the creditor did not know of the relation of principal and surety at the time of the original contract, or even if such relation had been created since that time. It is enough if he knew of it before he made the agreement with the principal to extend the time of payment: *Union Life Ins. Co.* v. *Hanford,* 143 U. S. 187 (12 Sup. Ct. 437).

4. The only remaining question is whether the payment of interest in advance constitutes an agreement to extend the time of payment, within the meaning of this rule. Upon this subject the authorities are not entirely harmonious, but, as said by Mr. Brandt, "the decided weight of authority, and, it seems, the better reason, is that the payment in advance of interest on the debt by the principal to the creditor is of itself, without more, sufficient *prima facie* evidence of an agreement to extend the time of payment for the period for which the interest is paid, and works the discharge of the surety": 2 Brandt, Sur. (2 ed.) § 352. See, also, *Binnian* v. *Jennings,* 14 Wash. 677 (45 Pac. 302); *Bank of Brit. Colum.* v. *Jeffs,* 15 Wash. 230 (46 Pac. 247); *Woodburn* v. *Carter,* 50 Ind. 376; *Peoples' Bank* v. *Pearsons,* 30 Vt. 711. The only proof of the payment of interest in advance is the indorsement on the note, which, it was suggested at the argument, is insufficient to support the allegation, because the amount mentioned as having been paid is, according to plaintiff's estimate, insufficient to cover the interest for the period designated. But, whether or not the amount actually paid was sufficient to cover the interest for the period indicated, the indorsement acknowledges the receipt on a certain date of a specified sum of money as interest to a given future date, and is at least *prima facie* proof that it was so received by the payee. It

follows from these views that the receipt and acceptance of interest in advance by the payee from Pilsbury, without the consent of the defendant Miller, operated to discharge him from liability on the note. The judgment will therefore be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.