9   147
15  232

[No. 1357.   Decided June 12, 1894.]

O. E. STICKLER, *Appellant*, v. MILTON GILES, *Respondent*.

EXTENSION OF TIME OF PAYMENT — CONSIDERATION — INTEREST.

Where a debtor, in order to gain time on his account with a creditor, goes to the latter and tells him that he has obtained a contract for doing certain work for the county, that he will get his first estimate upon said work from the 12th to the 15th of August, and that he will then pay the bill with interest at the usual rate of ten per cent., to which the creditor replies that it is all right, he will wait, such agreement does not constitute a contract for the extension of the payment of the account to a certain definite time.

A stated account between parties draws interest at the legal rate, and a promise to pay the legal rate of interest on such an account does not constitute a consideration for an extension of the time of payment.

A verbal agreement to pay interest "at the usual rate of ten per cent." on an account stated, that being the legal rate at the time, does not bind the promisor to pay more than eight per cent. from the date of the taking effect of a law passed subsequent to the agreement fixing the legal rate at eight per cent., but providing that any other rate could be collected when an agreement therefor was specified in writing.

*Appeal from Superior Court, Thurston County.*

*Milo A. Root*, for appellant.

*Fitch & Campbell*, and *Robinson & Linn*, for respondent.

The opinion of the court was delivered by

HOYT, J.—Plaintiff brought this action to recover damages arising from the fact that the defendant had reported him as being delinquent in the payment of a certain bill to an association of which the defendant was a member. A number of questions were presented in the court below, but the case finally there turned upon the decision of the question as to whether or not, at the time the association

took the action which resulted in the damage complained
of, the claim of the defendant against the plaintiff was due.
The trial court held that it was and that for that reason
the action of the defendant was warranted. This ruling of
the court was excepted to by the plaintiff and the decision
thereon is the sole ground of error upon which he founds
his right to a reversal.

There are some other questions argued in the brief of
the respondent and in the reply brief of the appellant, but
in appellant's principal brief no other questions are raised,
and if the action of the court in reference to that question
was correct, the judgment must be affirmed, whatever may
be the opinion of this court as to the other questions passed
upon. This result must follow from the general rule that
an appellant must assign the errors upon which he relies.

The facts in relation to the account which the defendant
had against the plaintiff were, that it had been due and un-
paid for some time; that it was placed in the hands of the
association of which the defendant was a member for col-
lection; that this association notified the plaintiff that they
had the claim for collection, and of the amount thereof;
that thereafter plaintiff went to the defendant and stated
to him that owing to the hard times he could not make
present payment, but that he would pay him as soon as he
could, and would pay him interest; that soon after he again
went to the defendant and said to him that he had obtained
a contract for doing certain work for the county; that he
would get his first estimate upon said work from the 12th
to the 15th of August, and that he would then pay him
the bill with interest at the usual rate of ten per cent.;
that defendant replied to this proposition that it was all
right, he would wait. It was after this last conversation
that the action in reference to the account was taken by
the association, of which the plaintiff complains, and he
contends that the conversation between him and the de-

fendant was sufficient to show a contract by which the time for the payment of the bill was extended.

It is claimed on the part of the respondent that there was no contract of extension for two reasons; *first*, that the time named as the limit of such extension was not sufficiently definite, and, *second*, that there was no consideration therefor. If we could interpret the conversation as does the appellant, we should agree with him that the time was sufficiently definite, but we cannot do so. As we understand the conversation, it amounted to no more than a statement on the part of the appellant that he had the contract for this work, and that in the usual and ordinary course he would receive his first estimate the middle of August, and that when he did so receive it and get his money thereon he would pay the bill; and thus construed it did not name any time for the payment with such definiteness as to warrant us in holding that the contract was extended to any definite time.

We agree with the contention of the appellant that it is not necessary that such extension should be to a day absolutely definite and certain, if it is to some time which the future is sure to make certain. If there had been an absolute certainty that the work under the contract would be performed and the appellant get his estimate and his pay thereon about the middle of August, and the agreement had been that it should be extended until he did so get his pay, it would probably have been sufficiently definite. But from the very nature of the conversation it is evident that the happening of these events was uncertain and dependent upon conditions which might or might not result. If for any reason the work was not done to the satisfaction of the county it might refuse the estimate; or the work might be entirely abandoned and any right to payment therefor forfeited by the appellant. Counsel for appellant has evi-

dently seen the force of these suggestions and has attempted to construe the conversation as establishing the fact that appellant agreed to pay the bill on the 15th of August, regardless of the question as to whether or not the events spoken of should come to pass. But we are unable to agree with his contention in that regard.

As to the question of consideration for the contract of extension, it is claimed that the agreement to pay interest constituted such consideration. That an agreement to pay interest on an account which would not otherwise draw interest would constitute such consideration is beyond question. It is equally clear that such an agreement would constitute no consideration, if, without it, the account would draw the same rate of interest. Was this account of such a nature, at the time this conversation was had, that it would draw interest without any express promise on the part of the appellant to pay it? We think it was. Some time before this last conversation was had, the appellant, after having received notice from the association that they held this account for collection, and that it was for a certain definite amount, without making any objection thereto, or in anywise questioning its correctness, agreed generally that he would pay it. This, in our opinion, was equivalent to a stating of the account as between the parties, and from that time it would draw interest at the legal rate. Such being the status of the account at the time the conversation which is relied upon occurred, the promise to pay interest thereon did not in any sense add to the burden of appellant nor to the benefits to accrue to the respondent, and constituted no consideration for a promise.

Appellant, however, makes a further contention that, since the legal rate of interest was reduced, after this conversation was had and before the expiration of the time to

which it was claimed the account had been extended, to a less rate than ten per cent., the promise to pay at the rate of ten per cent. made by the appellant did add to his burdens and to the respondent's benefit, and that that fact was sufficient to make such agreement to pay a consideration for the promise. In our opinion, the statement by the appellant in the conversation referred to amounted to no more than an agreement to pay legal interest. It is true he says that he agreed to pay interest at the rate of ten per cent., but he also stated that he said "at the usual rate of ten per cent.," and, construing all that was said together, it amounted only to a statement on his part that he would thereafter pay interest at the legal rate. But even if we should construe his statement to amount to an agreement to pay interest at the rate of ten per cent., it could only have force so long as the legal rate was ten per cent. The statute in force, at the time provided the rate of interest money should draw, and further provided that any other rate could be collected when an agreement therefor was specified in writing, and under it we think it must be held that only the legal rate could be contracted for without an instrument in writing.

The judgment must be affirmed.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.