[No. 15150.  Department One.  May 12, 1919.]

# CONNECTICUT INVESTMENT COMPANY, *Respondent*, v. GEORGE YOKOM, *Appellant*.[1]

PLEADING (162)—MOTIONS—SEPARATING CAUSES.  But one cause of action is stated in a complaint upon a mutual open account consisting of reciprocal demands growing out of a general understanding and course of dealing by which plaintiff furnished money to defendant.

SAME (158) — MOTIONS — MAKING MORE DEFINITE.  A complaint upon a mutual open account, containing an itemized statement, need not be made more definite and certain where further information so far as permissible was obtainable by interrogatories to the adversary, under Rem. Code, § 1226.

INTEREST (15-1)—RATE—ORAL AGREEMENT.  Only six per cent can be recovered on an oral agreement to pay interest on items of an account, under Rem. Code, § 6250, providing that every loan or forbearance shall draw interest at the rate of six per cent unless a different rate is agreed upon in writing.

APPEAL (349)—ASSIGNMENTS OF ERROR.  Assignments of error on the rejection or admission of evidence do not comply with rule 8, subdiv. 2, where they do not specify or identify the evidence.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered May 6, 1918, upon findings in favor of the plaintiff, in an action on open account.  Modified.

*C. E. Ellis (Carl W. Swanson,* of counsel), for appellant.

*Zent & Powell,* for respondent.

MITCHELL, J.—Respondent, the Connecticut Investment Company, a corporation, sued the appellant, George Yokom, for the recovery of $3,342.02, balance alleged to be due on a mutual, open, and current account from September 17, 1912, to July 20, 1917.  The complaint was in the usual form and, by exhibits at-

[1]Reported in 180 Pac. 926.

tached and made a part of the complaint, there were set forth the reciprocal charges and credits through the whole period. Appellant answered by general denials, and set up several partial defenses and set-offs, to which a reply consisting of general denials was interposed. Upon a trial to the court without a jury, findings of fact, conclusions of law, and judgment in the sum of $2,193.27 were entered in favor of the Connecticut Investment Company. Yokom took proper exceptions to the findings signed and entered, and to the refusal of the court to sign those presented by him, and has appealed from the judgment.

Fourteen alleged errors are assigned for a reduction of the judgment, which it is claimed should not exceed $300.

Assignments of error numbered 1 and 2 relate to the refusal of the court to require the complaint to be made more definite and certain by separately stating the causes of action, and in other respects by setting out proof whether oral or written, and if the latter, to set out copies thereof. As to the first, there was but one cause of action, consisting of reciprocal demands, growing out of a general understanding and course of dealing by which respondent furnished money and appellant made payments thereon, including his salary. As to the other, under the liberality of the construction of pleadings called for by statute, there is nothing indefinite or uncertain about the complaint, the general allegations of which are made particular by an itemized statement of the account; while the information sought of facts and documents to the extent it was permissible and needed prior to trial should be procured by interrogatories to the adversary, as provided for by Rem. Code, § 1226.

Assignments of error numbered 3 to 11 relate to findings made or refusal to make findings upon matters of fact concerning which there was a pronounced and positive conflict of evidence. However, considering appellant's familiarity at all times with the book account kept by respondent against him, together with other corroborative written evidence, we are satisfied to the same extent the trial court was, after an examination of the record. There is a question of law upon one feature of the controversy in which the trial court committed error. Appellant was secretary of respondent during the time the account was running, and the proof shows that, while his most important work was outside, considerable of his time was spent in the office. Arrangements were made by which, from time to time, the company advanced and charged to him certain sums of money used by him in his private business. The president of the company testified that the agreement, which was oral, was that such advances should bear eight per cent interest and that, from time to time, such interest charges were made upon balances due and entered into the book account against appellant who had access to and actually examined such account from time to time. On the contrary, appellant denied he agreed to pay interest, and denied that he examined or had his attention called to the fact that his account contained such interest charges. The evidence convinces us he did agree to pay interest, and that he did examine his account from time to time. In the account the interest charges are entered by simply stating the amounts without mentioning the rate or the sums upon which they are calculated. Finding, as we do, that he agreed to pay interest, the law and not the oral agreement fixes the rate of interest. Section 6250, Rem. Code, provides:

"Every loan or forbearance of money, . . . shall bear interest at the rate of *six* per centum per annum where no different rate is agreed to *in writing* between the parties."

It appears there was included in the findings and judgment the sum of $421.07 for interest, reckoned at eight per cent per annum, which is $105.27 in excess of the amount recoverable under the terms of the statute.

Assignments of error numbered 12 and 13 are not stated according to the requirements of subdivision 2, rule 8, of this court, nor are they discussed under any designated heading in the brief. They refer to the rejection or admission of evidence without specifying or identifying it. From what we can gather in the brief on the matter, we find no merit in either assignment.

The fourteenth, and final, assignment simply claims that no judgment in excess of $300 should have been rendered against appellant. It requires no further consideration at our hands.

The cause is remanded to the lower court with directions to modify the judgment by reducing it $105.27, representing excess of interest.

Neither party will recover costs on the appeal.

CHADWICK, C. J., TOLMAN, MACKINTOSH, and MAIN, JJ., concur.