[No. 23701. Department Two. June 3, 1932.]

ETHEL M. HART, *Respondent,* v. W. L. STEELE, *Appellant.*[1]

*Louis E. Shela,* for appellant.

*Russell H. Fluent,* for respondent.

[1]Reported in 11 P. (2d) 956.

MILLARD, J.—This action was brought by a sister to collect from her brother a balance claimed to be due on money loaned. The trial of the cause to the court, sitting without a jury, resulted in findings favorable to the plaintiff, and from judgment entered in consonance therewith, the defendant has appealed.

Respondent alleged that, by seven checks during 1925 and 1926, she loaned and advanced to the appellant an aggregate of $3,225, which the appellant promised to repay on demand, together with interest on the loans at the rate of twelve per cent per annum; that the balance due on account of the loans and interest, after crediting all payments made by the appellant, was $2,843.

Appellant's defense was as follows:

(1) That the advances of $1,550 were made for and used in a joint venture to erect a new theater building, and were not loans.

(2) That the advances of $1,675 were loans, with no agreement as to any rate of interest, to the appellant and his mother as co-partners, and were repaid with all accrued interest.

(3) That the agreements and promises in connection with the loans and advances were oral, and were barred by the three-year statute of limitations.

(4) That, though respondent was not listed as a creditor in appellant's schedules in the bankruptcy proceeding, respondent's action was barred by appellant's discharge in bankruptcy, as respondent had actual knowledge of the proceeding in time to file her claim and participate therein.

Respondent replied, alleging that appellant agreed with her that, if he went through bankruptcy, he would not list her as one of his creditors, but would pay his debt to her; that, subsequent to his discharge in bank-

ruptcy, the appellant promised the respondent that he would pay the balance of his indebtedness to her; that, during the latter part of 1929, the appellant sold to the respondent a garage and shed for twenty-five dollars, which amount was credited on the indebtedness.

The court's findings are summarized as follows:

The advances by the respondent to the appellant were loans payable on demand, together with interest thereon at the rate of twelve per centum per annum. Crediting appellant with payments made by him from time to time upon the principal and interest, the balance due to the respondent from the appellant is $417.42. During the winter of 1929, the appellant sold to the respondent a garage for fifteen dollars. A few months later, the appellant sold to the respondent a shed for ten dollars. Pursuant to agreement of the parties, the money was credited on appellant's indebtedness to respondent.

Appellant filed his petition in bankruptcy April 10, 1929, and on the following day was adjudged a bankrupt. He received his discharge in bankruptcy April 14, 1930. Appellant entered into an oral agreement with the respondent that, if he went through bankruptcy, he would not list the respondent as one of his creditors, but would pay his debt to her. Acting upon that agreement, the appellant did not list the respondent in the bankruptcy proceedings as one of his creditors, and the respondent did not file any claim. Since his discharge in bankruptcy, the appellant orally promised the respondent that he would pay the balance of his indebtedness to her.

The refusal of the trial court to find in harmony with appellant's defense theory is assigned as error.

There is no merit in the contention that the action was barred by the three-year statute of limitations. The complaint in this cause was filed January

21, 1931. In 1929—the action was not then barred—pursuant to the agreement of the parties, there was credited against the indebtedness twenty-five dollars for a garage and a shed sold by the appellant to the respondent.

Nor was the action barred by appellant's discharge in bankruptcy. The moral obligation of the appellant to pay the respondent was not discharged by his discharge in bankruptcy. The moral obligation constituted a sufficient consideration for his promise to pay the debt, which, the evidence discloses, he clearly promised to do.

Upon sharply conflicting evidence, issues of fact between relatives were presented and resolved against the appellant. We can not say from our examination of the record that the evidence, taken as a whole, preponderates against the findings of the trial court; therefore, we can not disturb the findings.

It appears there was included in the judgment a sum for interest reckoned at twelve per centum per annum. This is in excess of the amount recoverable under the terms of the statute.

"Every loan or forbearance of money, goods, or thing in action shall bear interest at the rate of six per centum per annum where no different rate is agreed to in writing between the parties. The discounting of commercial paper, where the borrower makes himself liable as maker, guarantor or indorser, shall be considered as a loan for the purposes of this chapter." Rem. Comp. Stat., § 7299.

We held in *Stickler v. Giles*, 9 Wash. 147, 37 Pac. 293, that, under a statute providing the rate of interest money should draw, and further providing that any other rate could be collected when an agreement therefor was specified in writing, a verbal agreement to pay on an account stated interest in excess of the legal rate did not bind the promisor to pay more than the legal

rate; that "only the legal rate could be contracted for without an instrument in writing."

To the same effect is *Connecticut Investment Co. v. Yokom,* 106 Wash. 693, 180 Pac. 926.

The cause is remanded to the trial court, with direction to modify the judgment by reducing it in an amount equal to the excess of interest. Appellant will recover costs on the appeal.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.